RECEIVED & FILED

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

2016 FEB 9 PM 4 16

**STATE OF LOUISIANA**

**DOCKET NO. 10-19573** CLERK OF COURT
CAMERON PARISH, LA.

**THE PARISH OF CAMERON**

**VERSUS**

**BEPCO, L.P., ANADARKO E&P ONSHORE, LLC, APACHE CORPORATION (OF DELAWARE), APACHE OIL CORPORATION, BP AMERICA PRODUCTION COMPANY, CENTRAL RESOURCES, INC., CHEVRON PIPE LINE COMPANY, CHEVRON U.S.A. HOLDINGS, INC., CHEVRON U.S.A., INC., CONOCOPHILLIPS COMPANY, DAVIS OIL COMPANY, DAVIS PETROLEUM CORPORATION, DENOVO OIL & GAS, INC., ESTATE OF WILLIAM G. HELIS, EXCHANGE OIL & GAS CORPORATION, EXCO RESOURCES, INC., EXXON MOBIL CORPORATION, FREEPORT SULPHUR COMPANY, FREEPORT-MCMORAN OIL & GAS L.L.C., GAS TRANSPORTATION CORPORATION, GRAHAM ROYALTY, LTD., HILCORP ENERGY COMPANY, LINDER OIL COMPANY, A PARTNERSHIP, LLOG EXPLORATION & PRODUCTION COMPANY, L.L.C., LYONS PETROLEUM, INC., MARSH ENGINEERING, INC., MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC., MOSAIC GLOBAL HOLDINGS, INC., SHORELINE SOUTHEAST LLC, THE LOUISIANA LAND AND EXPLORATION COMPANY, LLC, THE TEXAS COMPANY, TRANSCO EXPLORATION COMPANY, WHITE OAK OPERATING COMPANY, LLC, WHITING PETROLEUM CORPORATION, XPLOR ENERGY OPERATING COMPANY AND XTO ENERGY INC.**

FILED: _____          _____
                                                                    **DEPUTY CLERK**

_____

**PETITION FOR DAMAGES
TO THE
CAMERON PARISH COASTAL ZONE**

     **NOW INTO COURT** come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

     The Plaintiffs are: (1) the PARISH OF CAMERON, and (2) the State of Louisiana *ex rel.* PARISH OF CAMERON. The Parish of Cameron is a local government of this State that has been authorized since 1983 to operate an approved Local Coastal Zone Management Program pursuant to La. R.S. 214.28. As shown more fully below, the Parish of Cameron is authorized by

Pecan Lake

**EXHIBIT 1**

state statute to bring appropriate actions on its own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Cameron Parish, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

**2.**

Made defendants herein are the following entities (hereinafter, collectively, "**Defendants**"):

**BEPCO, L.P.** is a foreign partnership whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.  BEPCO, L.P. is named as successor to **Richardson & Bass (LA Acct), et al.**

**ANADARKO E&P ONSHORE, LLC** is a foreign company whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808. Anadarko E&P Onshore, LLC is named as successor to **Union Pacific Resources Co.**

**APACHE CORPORATION (OF DELAWARE)** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.  Apache Corporation (of Delaware) is named as successor to **MW Petroleum Corporation.**

**APACHE OIL CORPORATION** is a foreign corporation whose registered agent, C T Corporation System, is located at 350 N. St. Paul Street, STE. 2900, Dallas, TX.  Apache Oil Corporation is named as successor in interest to **Apache Corporation.**

**BP AMERICA PRODUCTION COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.  BP America Production Company is named as successor to **Amoco Production Company.**

Pecan Lake

**CENTRAL RESOURCES, INC.** is a foreign corporation whose registered agent, Capitol Corporate Services, Inc., is located at 36 South 18th Avenue, Ste. D, Brighton, CO 80601.

**CHEVRON PIPE LINE COMPANY** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802. Chevron Pipe Line Company is named as successor to **Gulf Refining Company**.

**CHEVRON U.S.A. HOLDINGS INC.** is a foreign corporation whose registered agent, Angie Wang c/o ChevronTexaco, is located at P.O. Box 6028, San Ramon, CA 94583. Chevron U.S.A. Holdings, Inc. is named as successor to **Texaco E&P, Inc.** and **Texaco, Inc.**

**CHEVRON U.S.A. INC.** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802. Chevron U.S.A., Inc. is named in its own capacity and as successor to **Chevron Oil Company** and **The California Company**.

**CONOCOPHILLIPS COMPANY** is a foreign corporation whose registered agent, United States Corporation Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. ConocoPhillips Company is named as successor to **Conoco, Inc.**

**DAVIS OIL COMPANY** is a foreign partnership authorized to do and doing business in the State of Louisiana whose registered agent for service of process is C T Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana

**DAVIS PETROLEUM CORPORATION** is a foreign corporation whose registered agent for service of process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**DENOVO OIL & GAS, INC.** is a foreign corporation that can be served through its Director, Leonard C. Tallerine, at 1221 McKinney, Suite 1800, Houston, Texas 77010. Denovo Oil & Gas, Inc. is named as successor to **Goldking Production Co.**

Pecan Lake

**ESTATE OF WILLIAM G. HELIS (A PARTNERHIP)** is a domestic partnership organized under the laws of Louisiana whose member, Diana Helis Henry Medical Research Foundation, is domiciled in New Orleans, Louisiana, and whose registered agent, David A. Kerstein, is located at 228 St. Charles Ave., Suite 912, New Orleans, LA 70130.

**EXCHANGE OIL & GAS CORPORATION** is a foreign corporation whose registered agent, The Corporation Trust Company, is located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

**EXCO RESOURCES, INC.** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**EXXON MOBIL CORPORATION** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. Exxon Mobil Corporation is named as successor to **Mobil E&P North America, Inc.** and **The Superior Oil Company**.

**FREEPORT SULPHUR COMPANY** is a foreign corporation whose principal place of business is located in New Orleans, Louisiana, and whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.

**FREEPORT-MCMORAN OIL & GAS LLC** is a foreign company whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802. Freeport-McMoran Oil & Gas L.L.C. is named as successor to **FMP Operating Company, LTD** and **The Stone Oil Corporation**.

**GAS TRANSPORTATION CORPORATION** is a domestic corporation whose registered agent, Brady D. King, II, is located at 2400 Forsythe Avenue, Suite 2, Monroe, LA 71201.

**GRAHAM ROYALTY, LTD.** is a domestic corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.

Pecan Lake

**HILCORP ENERGY COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.

**LINDER OIL COMPANY, A PARTNERSHIP** is a domestic partnership, organized under the laws of Louisiana.  Linder Oil Company's partners, Linder Energy Company and Louisiana General Oil Company, are domestic corporations, incorporated under the laws of Louisiana, and domiciled in Covington, Louisiana.  Linder Energy Company's registered agent, Roger D. Linder, is located at 106 Park Place, STE. 200, Covington, LA 70433.  Louisiana General Oil Company's registered agent, G. Miles Biggs, Jr., is located at 106 Park Place, Suite 200, Covington, LA 70433.

**LLOG EXPLORATION COMPANY, L.L.C.,** a domestic limited liability company whose registered agent, Kemerlia K. Ducote, is located at 1001 Ochsner Blvd. Suite 200, Covington, LA  70433.  LLOG Exploration Company, L.L.C. is named as successor to **LLOG Expl. Co.**

**LYONS PETROLEUM, INC.** is a domestic corporation whose registered agent, R.J. Daventport, is located at 1506 Beck Building, 400 Travis Street, Shreveport, LA 71101.

**MARSH ENGINEERING, INC.** is a domestic corporation that can be served through its secretary, John Lewis, Route 3, Box 669-H, Denham Springs, Louisiana 70726.

**MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos Street, Baton Rouge, Louisiana  70802.

**MOSAIC GLOBAL HOLDINGS, INC.** is a foreign corporation whose registered agent, The Corporation Trust Company, is located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware  19801.  Mosaic Global Holdings, Inc. is named as successor to **Freeport Oil Company** and **Stone Oil Company & McMoRan Expl.**

Pecan Lake

**SHORELINE SOUTHEAST LLC** is a foreign limited liability company whose registered agent, Daniel P. Hurley, is located at 400 East Kaliste Saloom Road, Suite 2600, Lafayette, Louisiana 70508.

**THE LOUISIANA LAND AND EXPLORATION COMPANY LLC** is a foreign company whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.  The Louisiana Land and Exploration Company LLC is named as successor in interest to **The Louisiana Land and Exploration Company**.

**THE TEXAS COMPANY** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802.

**TRANSCO EXPLORATION COMPANY** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.  Transco Exploration Company is named in its own capacity and as successor to **TXP Operating Company**.

**WHITE OAK OPERATING COMPANY, LLC** is a foreign limited liability company whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**WHITING PETROLEUM CORPORATION** is a foreign corporation whose registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

**XPLOR ENERGY OPERATING COMPANY** is a foreign corporation whose registered agent, Capitol Corporate Services, Inc., is located at 8550 United Plaza, Building II, Suite 305, Baton Rouge, Louisiana 70809.

**XTO ENERGY INC.** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos Street, Baton Rouge, Louisiana 70802.  XTO Energy Inc. is named in its own capacity and as successor to **Hunt Petroleum (AEC), Inc.**

Pecan Lake

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

**3.**

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the Pecan Lake, South Pecan Lake, Little Pecan Lake, Go Around Bayou and Twin Island Oil & Gas Fields in Cameron Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "**Coastal Zone**" (hereinafter so called), as defined by the CZM Act of 1978, within Cameron Parish.  A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred.  On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

**4.**

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone."  La. R.S. 49:214.22(1).

**5.**

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ."  The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)."  La. R.S. 49:214.23(4).

Pecan Lake

**6.**

The Operational Area is located in Cameron Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

**7.**

The CZM Laws regulate certain *"uses"* within the Coastal Zone. La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit." A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as <u>Exhibit C</u>. A list of those coastal use permits is attached hereto as <u>Exhibit D</u>. The term "use" is defined at La. R.S. 49:214.23(13) as "any use or activity within the coastal zone which has a direct and significant impact on coastal waters." "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern. Use of state concern shall include, but not be limited to:
>
> (a)    Any dredge or fill activity which intersects with more than one water body.
>
> (b)    Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f)    All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.
>
> (g)    All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.
>
> (h)    Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

**8.**

"Uses of local concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program. Uses of local concern shall include, but not be limited to:

Pecan Lake

(a)     Privately funded projects which are not uses of state concern.

* * *

(c)     Maintenance of uses of local concern.

* * *

(e)     Dredge or fill projects not intersecting more than one water body.

* * *

(i)     Maintenance dredging.

* * *

(k)     Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).


**9.**

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney or a local government with an approved program.  La. R.S. 49:214.36D.  The Parish of Cameron, having obtained approval of its Coastal Zone Management Program from the Secretary of the Louisiana Department of Natural Resources (hereinafter, the "**LDNR**") on January 4, 1985 is a "local government with an approved program" within the meaning of the CZM Laws. *See* La. R.S. 49:214.23(8) and La. R.S. 49:214.28.


**10.**

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Parish of Cameron is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in its own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws within Cameron Parish. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued

Pecan Lake

when required or which are not in accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

**11.**

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

**12.**

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section... must be brought in any parish in which the use or activity is situated."

**13.**

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

**14.**

Defendants have engaged in uses of state and local concern in Cameron Parish within the Operational Area in violation of La. R.S. 49:214.21, *et seq.*

**15.**

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et seq.* The adopted guidelines shall be followed in the development of the state program and local programs and shall serve as criteria for the granting, conditioning, denying, or modifying of coastal use permits. One of the goals of the guidelines is the "careful consideration of the

impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or release of any pollutant or toxic material into the water or air of the coastal zone be within all applicable limits established by law, or by federal, state, or local regulatory authority." La. R.S. 49:214.27(3).

## 16.

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.*, are codified at LAC 43:I.700, *et seq.* These state regulations provide that coastal use permits required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state regulations further provide that "[m]ineral and production sites shall be cleared, revegetated, detoxified, and otherwise restored as near as practicable to their original condition upon termination of operations to the maximum extent practicable." LAC 43:I.719.M. As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M. Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

## 17.

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment." LAC 43:I.719.F. These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A

- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.

Pecan Lake

- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.

- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.

- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.

- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A through I and LAC 43:I.719.F.  Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility.  Defendants are liable for all damages resulting from their violation of the CZM Laws.

**18.**

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone.  LAC 43:I.715.I.  The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

Pecan Lake

*FACTUAL ALLEGATIONS*

**19.**

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area. A map showing the oil and gas wells within the Operational Area is attached hereto as Exhibit E. A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as Exhibit F. The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on Exhibit F.

**20.**

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh. Many of these waste pits have never been closed or have not been closed in conformance with the state and local CZM Laws and other applicable state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP).

**21.**

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Cameron Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978. To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required. In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area. Additionally, these waste pits and areas

adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

## 22.

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Cameron Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

## 23.

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Cameron Parish and constitutes a use for which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Cameron Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws,

Pecan Lake

particularly LAC 43:I.715.I.  As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

## 24.

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Cameron Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters.  Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978.  The state coastal zone regulations, at LAC 43:I.700, *et seq.*, define "contaminant" as "an element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species."  The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination.  In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been required since 1978.  On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area.  The areas of the Cameron Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M.  Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F.  Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the Operational Area, in violation of LAC 43:I.715.I.  Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

Pecan Lake

**25.**

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area.  The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Cameron Parish.  On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals.  Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J.  As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic life therein.  Additionally, the destruction of the Cameron Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion.  Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

**26.**

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

> "It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

> (4)     alterations in the natural concentration of oxygen in coastal waters;

> (5)     destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features;

* * *

> (8)     detrimental changes in existing salinity regimes;

Pecan Lake

(9)    detrimental changes in littoral and sediment transport processes;

\* \* \*

(13)   discharges of pathogens or toxic substances into coastal waters;

\* \* \*

(16)   adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

\* \* \*

(18)   adverse disruptions of coastal wildlife and fishery migratory patterns;

(19)   land loss, erosion, and subsidence;

(20)   increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

(21)   reduction in the long term biological productivity of the coastal ecosystem.

## 27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**"). Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the state program and any affected local program.**" (Emphasis added). The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

**28.**

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

**29.**

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders 29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

**30.**

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Cameron Parish through the coastal zone management program.  Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

**31.**

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Cameron Parish Coastal Zone affected by Defendants' activities within the Operational Area.

Pecan Lake

**32.**

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

**33.**

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a)     Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

(b)     Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction;   Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c)     To the extent any state law claims alleged in this petition are preempted by federal law , such claims are not alleged herein;

(d)     Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e)     Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

(f)     Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial, disputed question of federal law;

(g)     Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the

"**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(h)     Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(i)     Plaintiffs do not pursue or allege any claims arising under any federal regulations;

(j)     Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

(k)     Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(l)     Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(m)     Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(n)     Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities;

(o)     Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws.  None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf.  Plaintiffs do not pursue or allege any claim arising under the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further,

Pecan Lake

Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(p)     Plaintiffs do not pursue or allege any claim for activities conducted on a federal enclave or for damage to a federal enclave, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title.  Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave;

(q)     Plaintiffs make no claims under Louisiana tort law, contract law, mineral law, or property law;

(r)     Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(s)     Plaintiffs do not allege any claim or cause of action arising under the federal Natural Gas Act, 15 U.S.C. 717 – 717w;

(t)      In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in

Pecan Lake

this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that plaintiffs have alleged federal causes of action based on the violation of any federal law or regulation generally or specifically referenced in the permit or any application therefor. Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation of a federal cause of action based on the violation of federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States. The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims; and

(u)     Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Cameron Parish Coastal Zone: (1) that is the subject of any present or future demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending or future litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief. Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

## 34.

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs Parish of Cameron and the State of Louisiana claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Cameron Parish

Pecan Lake

Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq.*

35.

Plaintiffs allege that the damage caused by defendant's complained-of activities within the Operational Area resulted from the defendants' violation of coastal use permits *and* from unpermitted uses of the coastal zone. Plaintiffs' claims are limited to the civil remedies provided for in La. R.S. 49:214.36; plaintiffs do not assert claims for any criminal or quasi-criminal remedies set forth in La. R.S. 49:214.36.

36.

Plaintiffs allege that defendants are *solidarily* liable for the damage caused by defendant's complained-of activities within the Operational Area. The CZM Laws render the defendants liable for the cumulative impacts of their permit and regulatory violations. While the individual defendants may have acted independently of each other in certain circumstances, their statutory, regulatory and permit violations resulted in "cumulative impacts" to the area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. "Cumulative Impacts" are defined in La. Admin. Code tit. 43, pt. I, § 700 as "impacts increasing in significance due to the collective effects of a number of activities." La. Admin Code. tit. 43, pt. I, § 701 states that the "likelihood of, and extent of impacts of, resulting secondary impacts and cumulative impacts" "shall be utilized by the permitting authority in evaluating whether the proposed use is in compliance with the guidelines," and that "all uses and activities shall be planned, sited, designed, constructed, operated, and maintained to avoid to the maximum extent practicable significant" "adverse effects of cumulative impacts." The defendants' unpermitted uses of the coastal zone the defendants' violations of coastal use permits resulted in "cumulative impacts" to area of the coastal zone damaged by defendant's complained-of activities within the

Pecan Lake

Operational Area. Such damage could have been avoided had defendants followed the statutory and regulatory requirements of the CZM Laws. Further, the restoration requirements set forth in La. R.S. 49:214.36 D and E cannot be accomplished by ignoring the combined effects of multiple violations of the CZM Laws. La. R.S. 49:214.36 (E) provides for a "restoration" remedy that is "feasible and practical." Restoration objectives must respond to environmental impacts caused by the cumulative effects of oil and gas operations. Both the CZM Laws and the LDNR Coastal Management Division's standard operating procedures recognize the need to evaluate the cumulative and compound impacts of defendants' violations. The statute mandating the development of the state's master plan states: "The task of... restoring and developing a sustainable coastline will require implementation of a holistic, comprehensive engineering plan..." *See* La. R.S. 49:214.4.1(A)(3).

La. C. C. art. 1815 provides that an obligation is indivisible when the object of the performance is "not susceptible of division." Indivisible obligations are subject to the rules governing solidarity. La. C.C.P. art. 1818. Under Louisiana law, if the consecutive and/or concurrent wrongful acts of defendants contribute in unknown proportions to property damage, defendants are *solidarily* liable because their obligations are indivisible.

37.

Plaintiffs demand trial by jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

(a)     Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Cameron Parish Coastal Zone;

(b)     Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M.;

Pecan Lake

(c)     Requiring actual restoration of the Cameron Parish Coastal Zone to its original condition;

(d)     Awarding reasonable costs and attorney fees;

(e)     Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)     Such other and further relief available in the premises, subject to the limitations set forth in the petition; and

(g)     Plaintiffs request trial by jury.

Respectfully submitted:

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)

Chad E. Mudd, #25188 (cmudd@camtel.net)
David P. Bruchhaus, #24326 (dbruchhaus@camtel.net)
M. Keith Prudhomme, #14336 (kprudhomme@camtel.net)
Matthew P. Keating, #30911 (mkeating@camtel.net)
**MUDD & BRUCHHAUS, L.L.C.**
410 E. College St.
Lake Charles, LA 70605
Telephone: (337) 562-2327
Fax: (337) 562-2391

*Attorneys for Plaintiffs*

**PLEASE HOLD SERVICE**

Pecan Lake

## EXHIBIT A

### Louisiana Coastal Zone Boundary



A-1

*Pecan Lake*

**EXHIBIT B**

**Map of the Operational Area**

(Overview)



*Pecan Lake*

**EXHIBIT B**

**Map of the Operational Area**

(Detail View)

# 2014 Aerial



*Pecan Lake*

## EXHIBIT C

### Map of Coastal Use Permits within the Operational Area

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

# 2014 Aerial



*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19800164 | AMOCO PRODUCTON COMPANY - FLOWLINE // 6" FLOWLINE // 3' MIN BLW MARSH, 3' MIN BLW M/L @ XING // // Begin: MIAMI CORP WELL#35 // End: PRODUCTION PLATFORM // Status: Authorization Granted - No Conditions |
| P19800404 | Cotton Petroleum Corp. - Sweep existing canal and dredge slip to install well, removal os ~23,807 cu yds East of Grand Cheniere |
| P19810172 | Goldking Production Co. - Dredge and maintain slip and install piling for keyway for proposed well location. ~20K cu yds material deposited into wetlands. Little Pecan Lake |
| P19810245 | Davis Oil Company - Proposed well canal & slip near Grand Cheniere. 34403 cu yds excavation of marsh land, stockpiled on banks and used for levees to prevent erosion |
| P19810258 | Goldking Production Co. - Canal/slip for new oil & gas |
| P19810653 | QUINTANA - OIL/GAS // 3.5" OIL/GAS // 3' MIN BLW GROUND // // Begin: HEATER PLATFORM // End: TIE-IN @ EXISTING 2" P/L // Status: Authorization Granted - Special Conditions |
| P19810846 | Estate of William G. Helis - Dredge and maintain slip as extension to existing canal for well. 22667 cy material deposited in wetlands. 15 mi NW of Pecan Island |
| P19811381 | Estate of William G. Helis - Dredge slip off existing canal for oil and gas exploration. 11700 cy excavated. South Pecan Lake Field |
| P19811382 | Estate of William G. Helis - Dredge and maintain an extension to an existing canal, 15 miles NW of Pecan Island |
| P19811682 | DAVISOIL - FLOWLINE // 6" FLOWLINE // 3' BLW MARSH LEVEL // // Begin: CUTLER OIL & GAS WELL#2 // End: PRODUCTION FACILITIES // Status: Authorization Granted - Permit Withdrawn |
| P19811726 | DAVISOIL - // 2.5" FLOWLINE // BURIED 3 FT // // Begin: CAMERON PARISH SCHOOL BOARD WELL#2 // End: CAMERON PH SCHOOL BOARD WELL#1 (S.W OF WELL#2) // Status: Authorization Granted - Special Conditions |
| P19811726 | DAVISOIL - // 2.5" FLOWLINE // BURIED 3 FT // // Begin: CAMERON PARISH SCHOOL BOARD WELL#2 // End: EXST. PRODUCTION FACILITIES // Status: Authorization Granted - Special Conditions |
| P19811726 | DAVISOIL - // 3" FLOWLINE // BURIED 3 FT // // Begin: CAMERON PARISH SCHOOL BOARD WELL#2 // End: CAMERON PH SCHOOL BOARD WELL#1 (S.W OF WELL#2) // Status: Authorization Granted - Special Conditions |
| P19811726 | DAVISOIL - // 6" FLOWLINE // BURIED 3 FT // // Begin: CAMERON PARISH SCHOOL BOARD WELL#1 // End: TIE-IN @ EXST. P/L // Status: Authorization Granted - Special Conditions |
| P19820043 | Davis Oil Company - Construct board road, mat, pit and ring levee. 4850 cy fresh marsh excavated by marsh buggy. 8 mi SE Grand Cheniere |
| P19820234 | Davis Oil Company - Construction of proposed board road, mat and pit near Grand Cheniere |
| P19820436 | The Superior Oil Company - Dredge oil and gas access slip, ~2.6 acres fresh marsh altered and 15926 cy excavated marsh material. ~16 mi E-NE of grand Chenier |

D-1

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19820437 | The Superior Oil Company - Dredge oil and gas access slip, ~2.6 acres fresh marsh altered and 15926 cy excavated marsh material. ~16 mi E-NE of grand Chenier |
| P19820473 | The Superior Oil Company - Dredge oil and gas access canal & slip, 43296 cy excavated material. Pecan Lake field |
| P19820803 | Amoco Production Co. - Sweep existing canal (36440 cy) in Little Pecan Bayou, 42060 cy intermediate marsh excavated to form continuation of levee. |
| P19820878 | Quintana Petroleum Corp. - Construct earthen plug on backfilled canal, 1100 cy canal bottom, spoil bank, marsh material used for plug. 15 miles NW of Pecan Island |
| P19821107 | Davis Oil Company - Construction of board road, mat, pit, and ring levee. 2444 cy marsh land excavated by dragline. 8 mi SE of Grand Cheniere |
| P19821130 | Diamex Company - Dredge canal and slip in fresh marsh for petroleum exploration, 12.5 mi NE from Grand Cheniere |
| P19821348 | SUPERIOR - CONDENSATE // 2" CONDENSATE // 3' MIN BLW MARSH, 3' MIN BLW M/L @ SLIP //  // Begin: MIAMI WELL#S-13 // End: MIAMI CORP WELL#S-2 (N.E. OF WELL#S-13) // Status: Authorization Granted - Special Conditions |
| P19821348 | SUPERIOR - GAS // 4" GAS // 3' MIN BLW MARSH, 3' MIN BLW M/L @ SLIP // // Begin: MIAMI WELL#S-13 // End: MIAMI CORP WELL#S-2 (N.E. OF WELL#S-13) // Status: Authorization Granted - Special Conditions |
| P19821533 | CANAL1 |
| P19821533 | Plug/Dam |
| P19821533 | Weir |
| P19821538 | CANAL1 |
| P19830496 | Nestor Petroleum - Dredge oil and gas canal/slip, 10 acres fresh marsh permanently altered, construct earthen plug at mouth of canal. South Pecan Lake |
| P19830577 | Amoco Production Co. - 31473 cy fresh marsh material dredged and deposited upon fresh marsh in slip perpendicular to canal South Pecan Lake field |
| P19831044 | Nestor Petroleum - Miami corporation well |
| P19831371 | Weir |
| P19831527 | LGS Exploration, Inc - 1300 cy (3.8 acres) fresh marsh material excavated and deposited on fresh marsh to construct slip, 16 mi NW Pecan Island |
| P19831564 | The Superior Oil Company - Drill well by diesel power drill barge and placement of typical wellhead protector, Pecan Lake field |
| P19840173 | Southport Exploration, Inc. - Sweep ~9,600 cu yds of canal bottom material from ~925' of existing O&G access cana; excavate ~18,055 cu yds of existing spoil bank to construct a parallell slip (375x100) on existing canal for well access; ~.9 acres of fresh marsh will be altered |
| P19840469 | LGS Exploration, Inc. - construct well canal, slip & earthen plug, canal deepening, in Sec 4, T15S-R3W near Pecan Island |
| P19840661 | Forman Petroleum Corp. - Dredge 350' x 150' barge slip; 18,500 yd.^3 excavated; S32, T14S-R3W |
| P19840861 | Amoco Production Co. - Dredge ~600 yd.^3 canal bottom from existing canal to form new oil and gas well slip; S9, T15S-R3W, ~20 miles NW of Pecan Island |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19841245 | Nestor Petroleum Co. - Construct canal by excavating 35217 cy marsh and water bottom (6.1 acres brackish marsh altered) and 2 Indian mounds on property, NE Grand Chenier |
| P19841286 | Amoco Production Co. - Docs for P19841285 |
| P19841426 | Goodrich Petroleum Company - Excavate .9 acres fresh marsh, 1.2 acres of spoil bank, and .3 acres canal bottom to construct slip in existing canal and directionally drill; 19 mi SW of Gueydan |
| P19841493 | Amoco Production Co. - Relocate existing heater platform in South Pecan Lake field |
| P19841494 | Amoco Production Co. - Lay 2.5" flowlines on existing spoil banks in South Pecan Lake field |
| P19841495 | TEXACO EXPLORATION & PRODUCTION, INC. - FLOWLINE // 2.5" FLOWLINE // 3' BLW SPOIL // // Begin: HEATER PLATFORM // End: PRODUCTION PLATFORM // Status: Authorization Granted - Special Conditions |
| P19841495 | TEXACO EXPLORATION & PRODUCTION, INC. - FUEL LINE // 2.5" FUEL LINE // 3' BLW SPOIL // // Begin: HEATER PLATFORM // End: PRODUCTION PLATFORM // Status: Authorization Granted - Special Conditions |
| P19841631 | Amoco Production Co. - Install heater platform and separator platform on existing spoil for Miami corp., South Pecan Lake field |
| P19841680 | Sierra Production - Excavate 24600 cy marshland material to construct well, spoil placed in band around slip to prevent erosion; Pecan Lake Gas field |
| P19850131 | Transco Exploration Co. - Dredge 31260 cy for canal and slip for access to well, spoil would be placed adjacent to excavation banks, loss of 4.6 acres of freshwater marsh; South Pecan Lake field |
| P19850261 | Linder Oil Company - Proposed well near Grand Cheniere |
| P19850631 | Mike Chachere - Implement mgmt plan for 1700 acres of fresh marsh: Levee for waterfowl food production (21660 cy), pump and gate for water level drawdown to allow boat passage, N of Rockefeller Wildlife Refuge and Game Preserve |
| P19850675 | Amoco Production Co. - Restore 7 pits to preproject conditions by backfill operations; Little Pecan Lake Field |
| P19850678 | Amoco Production Co. - Restore 14 pits to preproject conditions by backfill operations; South Pecan Lake Field |
| P19850759 | Delano, Inc - Sweep existing canal and deposit 54K cy on existing spoil banks; widen existing canal, and dredge slip with wing parallel to canal. Deposit 17700 cy spoil partly on existing bank and partly on marsh; remove existing plug and dredge 4600 cy marsh to reroute mud boat; 10 mi NE Grand Chenier, Little Pecan Properties |
| P19851057 | Transco Exploration Co. - Build a board road for preparing a wellsite; South Pecan Lake Area |
| P19851190 | Amoco Production Co. - Dredging for 2-4' pipeline to be buried beneath shell road or if in wetland area, on natural ground; 605 cy excavation on non-wetland area; 17.2 miles from Pecan Island, LA |
| P19851239 | COMPADRES INC - FLOWLINE // 3.5" FLOWLINE // BURIED BY BACKFILL // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19860822 | John Hubert Boudreaux - Trenasse maintenance. Dredge & place spoil(± 6511 CY) to maintain 11720' of trenasse for boat traffic. Secs. 2, 11 & 17, T15S - R4W |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19860886 | Amoco Production Co. - Permit withdrawn.  Pit closure.   Restore three oil field waste pits (100' X 100', 120' X 65' & 120' X 100') in compliance with OCS 29-B. Total of 750 CY of levee material will be used to backfill the pits. |
| P19861049 | Mobil Oil E&P Southeast Inc - Maintenance dredging Pecan Lake Field, T14S - R3E. ±62820' of existing oil field canal in a fresh marsh area will be excavated as necessary to maintain a depth of 8'. Spoil will be deposited as described in conditions. Existing production platforms, walkways and well protection platforms will be maintained. ±109800' of existing flowlines will be excavated and backfilled as necessary for maintenance. |
| P19870074 | M.O.E.P.S.I. - FLOWLINE // 2.5" FLOWLINE // BURIED BY BACKFILL // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19870192 | AMOCO PRODUCTON COMPANY - OIL/GAS // 2.5" OIL/GAS // 3' BLW MARSH, 5' MIN BLW ML@XING, ATOP SLIP // // Begin: AMOCO SEPARATOR PLATFORM @ MIAMI WELL#38 // End: UNSPECIFIED LOCATION NEAR MIAMI CORP WELL#41 // Status: Authorization Granted - Special Conditions |
| P19870192 | AMOCO PRODUCTON COMPANY - OIL/GAS // 4" OIL/GAS // 3' BLW MARSH, 5' MIN BLW ML@XING, ATOP SLIP // // Begin: AMOCO SEPARATOR PLATFORM @ MIAMI WELL#38 // End: UNSPECIFIED LOCATION NEAR MIAMI CORP WELL#41 // Status: Authorization Granted - Special Conditions |
| P19870596 | Amoco Production Co. - installation of well protection structure for well 39 in pecan lake field |
| P19870729 | AMOCO PRODUCTON COMPANY - FLOWLINE // 2.5" FLOWLINE // ATOP MARSH, 5' MIN BLW MUDLINE @ XING // // Begin: MIAMI CORPORATION WELL#39 & #39-D // End: PLANT SITE // Status: Authorization Granted - No Conditions |
| P19870729 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4.5" FLOWLINE // ATOP MARSH, 5' MIN BLW MUDLINE @ XING // // Begin: MIAMI CORPORATION WELL#39 & #39-D // End: PLANT SITE // Status: Authorization Granted - No Conditions |
| P19871035 | Amoco Production Co. - Install keyway in existing slip to directionally drill from barge mounted rig; South Pecan Lake Field |
| P19871070 | Amoco Production Co. - Install keyway in existing slip to directionally drill from barge mounted rig; South Pecan Lake Field |
| P19871165 | Amoco Production Co. - Install flowline to serve Miami Corp well; South Pecan Lake field |
| P19871172 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" FLOWLINE // SURFACE OF MARSH,SUSPENDED FROM WALKWAY // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19871238 | Amoco Production Co. - Install keyway in existing slip to directionally drill from barge mounted rig; South Pecan Lake Field |
| P19871239 | Amoco Production Co. - Install keyway in existing slip to directionally drill from barge mounted rig; South Pecan Lake Field |
| P19880005 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" OR 6" FLOWLINE // 3' MIN BLW MARSH, 5' MIN BLW M/L @ XING // // Begin: MIAMI CORPORATION WELL#44 // End: TIE-IN @ EXISTING AMOCO P/L // Status: Authorization Granted - Special Conditions |

D-4

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19880005 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" OR 6" FLOWLINE // 3' MIN BLW MARSH, 5' MIN BLW M/L @ XING // // Begin: MIAMI CORPORATION WELL#45 // End: TIE-IN @ EXISTING AMOCO P/L // Status: Authorization Granted - Special Conditions |
| P19880021 | AMOCO PRODUCTON COMPANY - FLOWLINE // 4" OR 6" FLOWLINE // 3' MIN BLW MARSH, ATOP SLIP // // Begin: MIAMI CORPORATION WELL#43 // End: TIE-IN @ HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P19880068 | GRAHAM - SALTWATER // 2" SALTWATER PIPELINE // ATOP SPOIL BANK // // Begin: SEPARATOR DUMP VALVE @ PRODUCTION FACILITY // End: SALTWATER DISPOSAL WELL STORAGE TANK // Status: Authorization Granted - No Conditions |
| P19880072 | AMOCO PRODUCTON COMPANY - GAS // 6" GAS // 3' MIN BLW MARSH, 5' MIN BLW M/L @ XING // // Begin: HEATER PLATFORM @ S.W.D. WELL#2 // End: TIE-IN @ PLANT SITE // Status: Authorization Granted - Special Conditions |
| P19880133 | AMOCO PRODUCTON COMPANY - // 3" FLOWLINE // BURIED 15' MINIMUM // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19880704 | Burton Cestia - Dredge to maintain and deepen existing trenasses |
| P19880741 | Linder Oil Company - Proposed drilling mat and pit 15 mi from Grand Chenier; 3137 cy excavated |
| P19880873 | Zilkha Energy Company - Dredge 22750 cy canal bottom material; 15600 cy spoil and marsh material to construct wing parallel to canal; 1.3 fresh marsh altered; 20 mi NW Pecan Island |
| P19880874 | Zilkha Energy Company - Constructing drillsite and reserve pit area; 19.5 mi NW from Pecan Island |
| P19880981 | LINDER - FLOWLINE // 4" FLOWLINE // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19880982 | LINDER - FLOWLINE // 3" FLOWLINE // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19890037 | LLOG Exploration Company - Well proposal; no dreding required; Twin Island field |
| P19890117 | AMOCO PRODUCTON COMPANY - FLOWLINE // 2.5" FLOWLINE // 3' MIN BLW MARSH, 5' MIN BLW MUDLINE // // Begin: MIAMI CORP. WELL#46 // End: HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P19890117 | AMOCO PRODUCTON COMPANY - FLOWLINE // 6" FLOWLINE // 3' MIN BLW MARSH, 5' MIN BLW MUDLINE // // Begin: MIAMI CORP. WELL#46 // End: HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P19890126 | Amoco Production Co. - Install keyway in existing slip to directionally drill from barge mounted rig; South Pecan Lake Field |
| P19890196 | LINDER - FLOWLINE // 3" FLOWLINE // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19890573 | LLOG - FLOWLINE // 2.5" FLOWLINE // UNSPECIFIED // // Begin: UNSPECIFIED // End: FACILITY @ LLOG WELL#S-12 // Status: Authorization Granted - Special Conditions |
| P19890754 | Mobil Oil Exploration & Producing SE, Inc - Construct and maintain additional production platform for separator installation; no dredging required; Pecan Lake field |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19890795 | Mobil Exploration & Producing North America - Construct and maintain boat dock and walkway installation; no dredging in required; Pecan Lake field |
| P19890899 | Louisiana Land & Exploration Co., Inc. - Cleanout existing slip for well exploration; 3706 cy of canal bottom excavated; South Pecan Lake field |
| P19891080 | LL&E - OIL/GAS // 4" OIL/GAS // 3' BLW MUDLINE, 4' BLW MUDLINE @ XING // PROPOSED // Begin: PRODUCTION PLTFRM @ MIAMI WELL#1 // End: TIE-IN @ EXST. 16" T.G.T.C. P/L // Status: Authorization Granted - Permit Withdrawn |
| P19900264 | SOLATEX - // 2.375" FLOWLINE // 3' BELOW SPOIL, 5' BELOW CANAL CROSSING // // Begin: CUTLER WELL #1 // End: EXISTING MOBIL OIL PLATFORM // Status: Authorization Granted - No Conditions |
| P19900339 | Solatex Resources, Ltd. - Cleanout existing canal to construct slip(±6933 CY) for proposed Cutler Oil & Gas #1 Well. Sec. 20, T14S - R3W. The CMD has received the referenced permit application for work in a canal that Mobil E&P has a CUP for maintenance dredging activities(P861049). Enclosed is a copy of the project plats for your information. |
| P19900356 | Ballard Exploration Company, Inc. - Sweep existing parallel slip for access to Miami Corp. #1 Well, Sec. 11, T15S - R3W. Clean out required 12000 CY. |
| P19900727 | Linder Oil Company - ±2889 CY of material to be excavated to construct 250' X 350' ring levee, drilling mat and pit for Cutler Oil & Gas Co., Inc. Well #1, Secs. 7 & 8, T15S - R3W |
| P19901031 | Miami Corp. - Dredge ±3150 CY of canal bottom material to C/M nine plugs where existing trenasses intersect O/G canals and slips. ±150 CY of shells will be deposited at two of the plug sites. ±2000 CY of canal bottom material will be dredged to construct a plug across an O/G canal with ±200 CYof shell deposited on the plug. Dredge ±800CY of marsh material to construct 1270' of trenasse. ± 0.1 acres of fresh marsh will be altered by the trenasse. |
| P19901292 | Amoco Production Co. - Dredge ±720 CY of fresh marsh to construct three 65' dia. ring levees at three header locations to facilitate repairs at the headers. South Pecan Lake Field, Central Facility #1, T15S - R3W |
| P19910024 | BALLARD EXPLORATION COMPANY, INC. - FLOWLINE // 4" FLOWLINE // 3' MIN BLW SPOIL, 3' MIN BLW M/L @ XING // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19910155 | Graham Royalty Limited - P/A O/G wells & related things in the Grand Chenier Area, Sec. 36, T14S - R4W; Sec. 31, T14S - R3W |
| P19910235 | Kansas Oil & Gas - Transferred from Solatex Resources Ltd. Propwash ±5469 CY of canal bottom material to access a proposed O/G well site & drill well. Secs. 30 & 31, T14S - R3W, Pecan Island Field, site of the Cutler O & G # C-1 Well |
| P19910236 | Solatex Resources, Ltd. - Use existing O/G canal & slip to D/Pcutler O & G #A-1 Well, Sec. 32, T14S - R3W |
| P19910238 | Solatex Resources, Ltd. - Application withdrawn. Cutler Oil & Gas #B-2 Well Sec. 29, T14S - R3W |
| P19910671 | Amoco Production Co. - Reinforcement to existing structure, Sec. 7, T15S - R3W |
| P19910692 | Burton Cestia - Trenasse maintenance. Sec. 13, T15S - R4W; Secs. 7, 18 & 19, T15S - R3W |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19910707 | American Hunter Exploration, Ltd. - Dredge 11893 CY material to sweep existing canal & slip to access O/G well site to D/P Miami Corp. # 1-30 Well, East Pecan Lake Field, Sec. 30, T14S - R3W |
| P19920183 | MW Petroleum Corporation - Proposal to place a drilling barge for the Miami Corporation Wells #45 and #46 in existing oilfield canal located in Sec. 5, T15S - R3W, Cameron |
| P19920347 | MW Petroleum Corporation - Excavate +/-6611 cu.yds. Of canal bottom material to prepare an existing slip for drill rig. Material to be placed on existing spoil banks. Miami Corp. Well#47 Located in Sec 4, T15S - R30W, South Pecan Lake Field |
| P19920625 | Columbia Gas Transmission Corp. - Bulkhead maintenance and restoration at two locations. (1) Amoco South Pecan bulkheads at the Superior Canal, Sec. 4, T15S - R3W (2)South Pecan North Grand Lake, Sec. 34, T13S - R3W |
| P19920732 | John Boudreaux - Local concern to be processed by the local Cameron Parish Coastal Management Program.  Trenasse maintenance, all dredged material to be placed on exisitng banks. N. Grand Cheniere, Sec. 34, T14S - R4W and Secs. 2, 3, 4, 5, 6, 7, 8, 9, 11, 14, 15, 17, 18, 20, 22, & 23, T15S - R4W |
| P19920960 | MW Petroleum Corporation - Locate  drill barge to existing slip to drill Miami Corporation Well # 48. Sec. 5. T15S - R3W |
| P19920990 | MW Petroleum Corporation - Install walkway from existing well to existing heater treater. South Pecan Lake Field, Sec. 5, T15S - R3W |
| P19920991 | MW PETROLEUM CORP -  // 2 1/2" PIPELINE // 3' MIN BLW ML , GROUND LEVEL // // Begin: NO 47 // End: EXISTING FLANGE // Status: Authorization Granted - No Conditions |
| P19920991 | MW PETROLEUM CORP -  // 2 1/2" PIPELINE // 3' MIN BLW ML, GROUND LEVEL // // Begin: NO 47 // End: EXISTING FLANGE // Status: Authorization Granted - No Conditions |
| P19920992 | MW Petroleum Corporation - Build 2 platforms with docking facilities on an existing oil field canal in South Pecan Lake Field, Sec. 4, T15S - R3W |
| P19921164 | ANR Pipeline Company - Removal of pipeline facilities in the Johnson Bayou Area, Sec. 9, T15S - R14W |
| P19921225 | Goodrich Oil Company - Utilize existing canal & slip to move in drilling-barge and construct aapertunent structures to drill Miami Corp #1 well, Grand Lkae Area, Sec. 32, T14S - R3W |
| P19921320 | MW Petroleum Corporation - Cleanout existing slip, 11,320 cu. yds. of spoil, to placed on existing bank. Drill MW Petroleum Corporation Well # 49, South Pecan Lake Field, Sec. 33, T14S - R3W |
| P19930190 | MW Petroleum Corporation - Construct ditch ±2,169' long to allow water level changes and interchanges to remedy saltwater spill. Permit request withdrawn. |
| P19930331 | Goodrich Oil Company - Use existing canal and slip to produce an oil/gas well. Grand Lake Area, Sec. 32, T14S - R3W |
| P19930388 | MW PETROLEUM CORP -  // 2 7/8" P/L // ON GROUND / 5' BLW ML // // Begin: WELL NO 49 // End: WELL NO 49 ALSO? // Status: Authorization Granted - No Conditions |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP NO. | Description |
|---|---|
| P19930388 | MW PETROLEUM CORP - // 4" PIPELINE // ON GROUND / 5' BLW ML // // Begin: WELL NO 49 // End: WELL NO 49 ALSO? // Status: Authorization Granted - No Conditions |
| P19930720 | Columbia Gas Transmission Corp. - Remediation at Measuring STA 505. Excavate and remove Mercury contaminated soil.Lat.29° 45' 31" Long. 92° 42' 40" |
| P19930722 | MW PETROLEUM CORP - // 4" PIPELINE // LAID ON MARSH / 3' MIN BLW ML @ CANAL // // Begin: VALVE TIE-IN // End: VALVE TIE-IN // Status: Authorization Granted - No Conditions |
| P19930723 | MW PETROLEUM CORP - // 2 7/8" PIPELINE // LAID ON WALKWAYS // // Begin: WELL #50 // End: PIPELINE TIE-IN // Status: Authorization Granted - No Conditions |
| P19930724 | MW PETROLEUM - // 2 7/8" PIPELINE // LAID ON MARSH, 5' MIN BLW CANAL XING // // Begin: WELL # 51 // End: TIE-IN TO EXISTING PLATFORM // Status: Authorization Granted - No Conditions |
| P19930767 | BALLARD EXPLORATION COMPANY, INC. - // 4" PIPELINE // ON GROUND / -11 NGVD @ CANAL & RD XING // // Begin: CASING // End: TANK // Status: Authorization Granted - Special Conditions |
| P19930828 | Columbia Gas Transmission Corp. - Retiring & removal of Measuring STA 424 & associated misc. piping, Sec. 4, T15S - R3W |
| P19930880 | Cameron Parish Gravity Drainage District #5 - Local concern. ± 1270 CY from existing adjacent borrow sites.  Repair of spoil bank in Little Pecan Island Area, Secs. 4 & 5, T14S - R4W and Secs. 32 & 33, T15S - R4W |
| P19931231 | Cameron Parish Gravity Drainage District #5 - Local concern. Existing spoil bank repair, Little Cheniere/Go Around Bayou Area Sec. 33, T14S - R4W |
| P19940043 | MMP Area |
| P19940043 | Plug/Dam |
| P19940043 | Removed |
| P19940043 | Weir |
| P19940304 | MW Petroleum Corporation - Utilize existing canal & slip to move in drilling-barge to drill Miami Corp  Well # 52 , Sec. 6, T15S - R3W; South Pecan Lake Field |
| P19940365 | GOODRICH OIL COMPANY - OIL/GAS // 3 1/2" PIPELINE // 3' MIN BLW ML // // Begin: WELL NO 3 // End: WALKWAYS // Status: Authorization Granted - Special Conditions |
| P19940626 | Dudley Swire - Local concern. Trenasse maintenance. Secs. 1, 2, 11, 12, 13, 14, 23, 24 & 25, T15S - R4W; Secs. 6, 7, 8, 9, 17, 18, 19, 20, 21, 28, 29, 30 & 33, T15S - R3W |
| P19940690 | Goodrich Oil Company - Sweep existing canal & slip, I/M structures, a production platform & flowline to D/P Miami Corporation # 4 Well, Sec. 29, T14S - R3W |
| P19941051 | MW Petroleum Corporation - Locate drill barge in existing location to drill Miami Corporation # 53 Well, South Pecan Lake Field, Sec. 7, T15S - R3W |
| P19950110 | MW PETROLEUM CORP - // 2 7/8" FLOWLINE // LAID ON SURFACE // // Begin: NO 54 // End: PROPOSED PLATFORM // Status: Authorization Granted - Special Conditions |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19950110 | MW PETROLEUM CORP - // 4" FLOWLINE // 3' MIN BLW ML // // Begin: PROPOSED PLATFORM // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P19950110 | MW PETROLEUM CORP - // 6" FLOWLINE // 3' MIN BLW ML // // Begin: PROPOSED PLATFORM // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P19950111 | MW PETROLEUM CORP - // 6" REPLACEMENT FLOWLINE // 3' MIN BLW ML // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19950111 | MW PETROLEUM CORP - // 6" REPLACEMENT FLOWLINE // 3' MIN BLW ML // // Begin: EXISTING PLATFORM // End: REPLACEMENT TIE-IN // Status: Authorization Granted - Special Conditions |
| P19950128 | Araxas Exploration - I/M of 300' X 300' ring levee(± 1945 CY to be excavated) and appurtenant structures to D/P the Araxas Exploration, Inc. - Miami Corp. # 1 Well, Sec. 22, T15S - R4W |
| P19950194 | MW Petroleum Corporation - Construct 20' X 30' compressor platform on existing spoil bank to serve Miami Corp. Well #'s 50-D and 52Sec. 7, T15S - R3W |
| P19950447 | MW Petroleum Corporation - Canal maintenance, Miami Corp. Well # 54,Sec. 12, T15S - R4W |
| P19950659 | Columbia Gulf Transmission Company  - Remove drip tank & concrete slab, remove two bulkheads at a canal x-ing & remove a gas tie-in line , Secs. 1, 33 & 35, T14S - R4W, Go Around Bayou Field line |
| P19950660 | Columbia Gulf Transmission Company   - Pipeline removal. Lat: 29 46 3.7819992 Lon: -92 41 24.5039604 . |
| P19951043 | MW Petroleum Corporation - Well Name: Miami Corporation # 55. Sec. 7, T15S - R3W. |
| P19951044 | MW PETROLEUM - // 4" FLOWLINE // 3' MIN BLW ML // // Begin: MIAMI CORP NO 1 // End: FACILITIES // Status: Authorization Granted - Special Conditions |
| P19951044 | MW PETROLEUM - // 6" FLOWLINE // 3' MIN BLW ML // // Begin: MIAMI CORP NO 1 // End: FACILITIES // Status: Authorization Granted - Special Conditions |
| P19951280 | MW PETROLEUM CORP - // 4" PIPELINE // // // Begin: 4" RISER // End: 4" RISER // Status: Authorization Granted - Special Conditions |
| P19951280 | MW PETROLEUM CORP - // 6" FLOWLINE // // // Begin: 4" RISER // End: 4" RISER // Status: Authorization Granted - Special Conditions |
| P19951455 | MW Petroleum Corporation - Ring levee new oil & gas only(3762 CY). H2O block: Levee. Sec. 18, T15S - R3W. |
| P19960160 | MW PETROLEUM CORP - FLOWLINE // 4" FLOWLINE // 3' MIN BLW GROUND AND CANAL // // Begin: MIAMI CORP WELL # 56 // End: EXISTING ABANDONED DRILL SITE // Status: Authorization Granted - Special Conditions |
| P19960160 | MW PETROLEUM CORP - FLOWLINE // 6" FLOWLINE // 3' MIN BLW GROUND AND CANAL // // Begin: MIAMI CORP WELL # 56 // End: EXISTING ABANDONED DRILL SITE // Status: Authorization Granted - Special Conditions |
| P19960160 | PLATFORM: 12' X 24'; @ MIAMI CORP. WELL # 56 |
| P19960160 | PLATFORM; 12'X20' |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P19960161 | PROPOSED TRENASSE REROUTED @ WELL #56 |
| P19960243 | CLEANOUT, SLIP, STRS @ MIAMI CORP WELL #1 |
| P19960339 | GOODRICH OIL COMPANY - PIPELINE // 3" // 3' MIN BLW MUDLINE / LOWER @ DYKES //   // Begin: METER FACILITY // End: WELL #5 // Status: Authorization Granted - Special Conditions |
| P19960339 | GOODRICH OIL COMPANY - PIPELINE // 6" // 3' MIN BLW MUDLINE / LOWER @ DYKES //   // Begin: METER FACILITY // End: 6" FLANGE // Status: Authorization Granted - Special Conditions |
| P19960340 | MAINT. DREDGE EXISTING CANAL |
| P19960685 | DRILL CUTLER OIL & GAS #1A |
| P19960685 | MAINT DREDGE TO DRILL WELL #1A |
| P19960904 | MW PETROLEUM CORP - FLOWLINE // 2.5" // 3' MIN BLW MUDLINE //  // Begin: RISER @ WELL #49 // End: RISER @ PRODUCTION FACILITY // Status: Authorization Granted - Special Conditions |
| P19961449 | INSTALLATION OF SIGNAL CABLES |
| P19961519 | LLOG EXPL CO - FLOWLINE // 2.5" // 3' MIN BLW MUDLINE //  // Begin: WELL #1 // End: PROPOSED PRODUCTION BARGE // Status: Authorization Granted - Special Conditions |
| P19961519 | LLOG EXPL CO - FLOWLINE // 3.5" // 3' MIN BLW MUDLINE //  // Begin: PROPOSED PRODUCTION BARGE // End: PROPOSED METER PLATFORM // Status: Authorization Granted - Special Conditions |
| P19961519 | METER PLATFORM : 12' X 24' |
| P19961519 | PRODUCTION BARGE : 110' X 30' X 7.5' |
| P19961602 | Hilcorp Energy Company - Dredge: canal maintenance(old O/G only)(13000CY). Sec. 29, T14S - R3W. |
| P19970194 | Goodrich Petroleum Company - Enlarge & cleanout existing parallel well slip and canal(±13986 CY) to locate drilling barge to D/P Miami Corporation 32, #1 well. Sce. 33, T14S - R3W |
| P19970778 | ACCESS & OUTLET CHANNELS |
| P19970778 | EARTHEN PLUG |
| P19970778 | EARTHEN PLUG W/ SEEPAGE WALL |
| P19970778 | LEVEE RECONSTRUCTION |
| P19970778 | LEVEE RESTORATION |
| P19970778 | PIPE W/ GATE ACCESS (46') + STR REPLACEMENT |
| P19970778 | REMOVE STR S-8 REPLACE W/ (2)48" PIPE W/ FLAPGATE |
| P19970778 | STR: 24" BOX CULVERT W/ FLAPGATE |
| P19970778 | VARIABLE CREST WEIR STRUCTURE |
| P19970778 | VARIABLE CREST WEIR W/ FLAP GATE & BOAT BAY |
| P19970798 | MW PETROLEUM CORP - FLOWLINE // 4" // 3' MIN BLW ML; 5' MIN IN SLIP //  // Begin: CENTRAL FACILITY # 1 // End: SWD WELL # 3 // Status: Authorization Granted - Special Conditions |
| P19970854 | M W PETROLEUM CORP - FLOWLINE // 4" // 3' MIN BLW ML //  // Begin: TIE-IN @ EXISTING 4" FLOWLINE // End: TIE-IN @ EXISTING FLOWLINE // Status: Authorization Granted - Special Conditions |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP NO. | Description |
|---------|-------------|
| P19971343 | GOODRICH PETROLEUM COMPANY, LLC - FLOWLINE // 2" // LAID ON PIPERACKS // // Begin: WELL #1; MIAMI CORP 32 // End: HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P19971343 | HEATER PLATFORM: 44' X 26' W/ WALKWAY |
| P19980631 | RME Petroleum Company - Well: Miami Corporation 31. Well #1. Dredge: canal/slip(7350 CY). Sec. 31, T14S - R3W. Impacts 1.75 & 1.21 acs.. |
| P19981085 | SECURITY GATE FOR CYPRESS PLANTATION |
| P19981090 | TRENASSE MAINTENANCE : CYPRESS PLANTATION |
| P19981624 | WITHDRAWN CLEANOUT, SLIP & STRUCTURES @ WELL #1 |
| P19990233 | DREDGE |
| P19990233 | SPOIL REFURBISH |
| P19990233 | WATER CONTROL STRUCT. |
| P19990653 | MIAMI CORPORATION - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P19990944 | LINDER OIL COMPANY - FLOWLINE // 1" // 3' AVERAGE COVERING // ACTIVE // Begin: PLATFORM // End: PLATFORM // Status: Authorization Granted - Special Conditions |
| P19990944 | LINDER OIL COMPANY - PIPELINE // 6" // 3' AVERAGE COVERING // ACTIVE // Begin: PLATFORM // End: PLATFORM // Status: Authorization Granted - Special Conditions |
| P19991246 | PROPWASHING |
| P19991246 | TRI-C RESOURCES, INC. - PIPELINE // 4" PIPELINE // 11' BLW ML // // Begin: PROPOSED PEL-TEX WELL #1 PLATFORM // End: EXISTING RISERS // Status: Authorization Granted - Special Conditions |
| P19991246 | TRI-C RESOURCES, INC. - PIPELINE // 6" PIPELINE // 11' BLW ML // // Begin: PROPOSED PEL-TEX WELL #1 PLATFORM // End: EXISTING RISERS // Status: Authorization Granted - Special Conditions |
| P19991246 | WELL |
| P20000434 | BULKHEAD |
| P20000463 | CLEANOUT |
| P20000463 | MIAMI CORP 29 WELL #1 DRILL STRUCTURES |
| P20000463 | SPOIL |
| P20010058 | BARROW SITE : 45' X 32' |
| P20010058 | EARTHEN PLUG : 30' X 40' |
| P20010058 | MIAMI CORPORATION - NOT A PIPELINE // LEVEE RESTORATION // // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20010058 | WATER CONTROL STRUCTURE: 2 - 48" X 100' |
| P20010463 | CYPRESS PLANTATION, LLC - NOT A PIPELINE // EXISTING POWERLINE // OVERHEAD // // Begin: // End: STA. 20+16 // Status: Authorization Granted - Special Conditions |
| P20010463 | CYPRESS PLANTATION, LLC - NOT A PIPELINE // EXISTING POWERLINE // OVERHEAD // REMOVED // Begin: STA. 20+16 // End: LITTLE PECAN LAKE // Status: Authorization Granted - Special Conditions |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20010463 | CYPRESS PLANTATION, LLC - NOT A PIPELINE // POWERLINE // OVERHEAD // // Begin: STA. 20+16 // End: STA. 191+01.79 // Status: Authorization Granted - Special Conditions |
| P20010463 | CYPRESS PLANTATION, LLC - POWERLINE // // 3' - 10' BLW MUDLINE // // Begin: STA. 191+01.79 // End: LITTLE PECAN LAKE // Status: Authorization Granted - Special Conditions |
| P20010560 | WELL |
| P20020744 | RIP RAP |
| P20020972 | MCELLIGOTT, SCOTT - NOT A PIPELINE // TRENASSE CLEANOUT // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P20021057 | WELL #1: LA CUTLER DRILL BARGE & STRUCTURES |
| P20021353 | HILCORP ENERGY COMPANY - FLOWLINE REPLACEMENT // 4" // LAID ON WALKWAY // REMOVED // Begin: GOODRICH MIAMI CORP NO 2 WELL // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20021529 | CUTLER OIL & GAS WELL #1 AND #2 |
| P20030016 | DREDGE FOR 4' x 42' x 135' LIMESTONE PAD |
| P20030016 | LINE HEATER PLATFORM W/ BOAT DOCK& WALKWAY |
| P20030016 | LOADOUT PLATFORM: 10' X 10' |
| P20030016 | PILE CLUSTER (2) |
| P20030016 | PILE CLUSTER (3) |
| P20030016 | PLATFORM: 10' X 10' (BOOM) |
| P20030016 | PRODUCTION BARGE - 35'x42' |
| P20030016 | SPOIL 1.5' HIGH - 0.25 ACRES |
| P20030016 | XTO OFFSHORE, INC. - FLOWLINE // 2" // 3' MIN BLW MUDLINE // // Begin: BADGER WELL #1 // End: PROPOSED LINE HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - FLOWLINE // 4" // 3' MIN BLW MUDLINE // // Begin: BADGER OIL PRODUCTION BARGE // End: METER PLATFORM // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - FLOWLINE // 4" // 3' MIN BLW MUDLINE // // Begin: METER PLATFORM // End: EXISTING 6" VALVE // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - FLOWLINE // 4" // ON MUDLINE BEHIND 3-PILE CLSTRS // // Begin: PROPOSED PRODUCTION BARGE // End: LOADOUT PLATFORM // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - PIPELINE // 2" // 2' TO 4' BLW ML // ACTIVE // Begin: LA CUTLER #1 SN227319 // End: HEATER PLATFORM @WELL#1 // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - PIPELINE // 4" // 3' TO 4.7' BLW ML // ACTIVE // Begin: PLATFORMS // End: RISER // Status: Authorization Granted - Special Conditions |
| P20030016 | XTO OFFSHORE, INC. - PIPELINE // 4" // 3.4' TO 6' BLW ML // ACTIVE // Begin: PRODUCTION BARGE @ WELL#1 // End: PLATFORMS // Status: Authorization Granted - Special Conditions |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20030016 | XTO OFFSHORE, INC. - PIPELINE // 4" // LAID ON GROUND // ACTIVE // Begin: PRODUCTION BARGE // End: LOAD OUT FACILITY // Status: Authorization Granted - Special Conditions |
| P20030120 | DREDGING |
| P20030120 | MIAMI CORPORATION WELL#2 |
| P20030120 | SPOIL FROM DREDGING |
| P20030457 | WHITE OAK OPERATING - FLOWLINE // 2.5" // TOP OF GROUND // PROPOSED // Begin: WELL #2 : CUTLER OIL & GAS // End: WELL #1 : CAMERON PARISH SCHOOL BOARD // Status: Authorization Granted - Special Conditions |
| P20030457 | WHITE OAK OPERATING - PIPELINE // 2.5" // 3' MIN BLW MUDLINE // // Begin: WELL #2 : CUTLER OIL & GAS // End: WELL #1 : CAMERON PARISH SCHOOL BOARD // Status: Authorization Granted - Special Conditions |
| P20030962 | PROPWASH & STRUCTURES |
| P20030962 | PROPWASH & STRUCTURES GOODRICH CUTLER NO 1 WELL |
| P20030988 | GOODRICH PETROLEUM COMPANY, LLC - FLOWLINE // 4" // 3' ABOVE WATERLINE // ACTIVE // Begin: GOODRICH PETROLEUM CO MIAMI CORP NO B-16 WELL // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20030988 | STRUCTURES - MIAMI CORP NO B-16 WELL |
| P20031057 | BORROW AREA |
| P20031057 | REPAIR SPOIL EMBANKMENT |
| P20031573 | DRILLING BARGE, STRUCTURES MIAMI CORP NO 35 WELL |
| P20031573 | PROPWASH |
| P20031633 | TEXAS PETROLEUM INVESTMENT COMPANY - FLOWLINE // 3" // 3' MIN BLW ML // PROPOSED // Begin: LA CUTLER OIL & GAS NO 2 // End: EXISTING CUTLER NO 1 WELL // Status: Authorization Granted - Special Conditions |
| P20031633 | WELL PROTECTION STRUCTURE: 7' X 14' |
| P20031879 | CLEANOUT |
| P20031879 | SPOIL |
| P20041528 | TRENASSE MAINTENANCE |
| P20041799 | CLEANOUT |
| P20041799 | DRILL BARGE/STRUCTURES TWIN ISLAND PROSPECTS 1&2 |
| P20041799 | SPOIL |
| P20050769 | DRILL BARGE/STRUCTURES CUTLER NO 1 |
| P20060324 | LINE HEATER PLATFORM |
| P20060324 | PETROGULF CORPORATION - FLOWLINE // 2" // 3' MIN BLW NATURAL GROUND, 5' MIN BLW ML // PROPOSED // Begin: CUTLER NO 1 WELL // End: TIE-IN // Status: Authorization Granted - Special Conditions |
| P20060324 | WALKWAY |
| P20081464 | REMOVE PLUG & INSTALL 3-48" CULVERTS |
| P20090330 | PIT CLOSURE 12P341 MIAMI CORP I R AA #1 |
| P20090330 | PIT CLOSURE 12P343 MIAMI CORP B #3 |
| P20090330 | PIT CLOSURE 12P344 MIAMI CORP B #3 |
| P20090330 | PIT CLOSURE 12P348 MIAMI CORP IR/AB #4 |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20090582 | PIT CLOSURE: MIAMI CORP B #3 OILFIELD PIT A |
| P20090582 | PIT CLOSURE: MIAMI CORP B #3 OILFIELD PIT B |
| P20090582 | PIT CLOSURE: MIAMI CORP IR/AA #1 OILFIELD PIT |
| P20090582 | PIT CLOSURE: MIAMI CORP IR/AB #4 OILFIELD PIT |
| P20090747 | LEVEE RECONSTRUCTION & DREDGE FOR FILL: LOC 'I' |
| P20090747 | LEVEE RECONSTRUCTION & DREDGE FOR FILL: LOC 'N' |
| P20090747 | LEVEE REPAIR = 20' OF LOCATION 'D' |
| P20090747 | LEVEE REPAIR = 20' OF LOCATION 'K' |
| P20090747 | LEVEE REPAIR = 30' OF LOCATION 'A' |
| P20090747 | LEVEE REPAIR = 40' OF LOCATION 'B' |
| P20090747 | LEVEE REPAIR = 40' OF LOCATION 'F' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'C' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'E' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'G' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'H' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'J' |
| P20090747 | WATER CONTROL STRUCTURE REPLACEMENT: LOC 'M' |
| P20100735 | SOV - LEVEE REPAIR SITE 1 |
| P20100735 | SOV - LEVEE REPAIR SITE 10 = 34' |
| P20100735 | SOV - LEVEE REPAIR SITE 11 |
| P20100735 | SOV - LEVEE REPAIR SITE 12 = 46' |
| P20100735 | SOV - LEVEE REPAIR SITE 13 = 45' |
| P20100735 | SOV - LEVEE REPAIR SITE 14 |
| P20100735 | SOV - LEVEE REPAIR SITE 2 |
| P20100735 | SOV - LEVEE REPAIR SITE 3 |
| P20100735 | SOV - LEVEE REPAIR SITE 4 |
| P20100735 | SOV - LEVEE REPAIR SITE 5 |
| P20100735 | SOV - LEVEE REPAIR SITE 6 |
| P20100735 | SOV - LEVEE REPAIR SITE 7 |
| P20100735 | SOV - LEVEE REPAIR SITE 8 |
| P20100735 | SOV - LEVEE REPAIR SITE 9 |
| P20100735 | SOV - STRUCTURE 12 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 13 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 15 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 16 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 17 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 18 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 19 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 20 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 21 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 22 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 23 REPAIR/REPLACEMENT |

*Pecan Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20100735 | SOV - STRUCTURE 24 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 25 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 26 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 27 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 28 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 29 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 3 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 30 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 32 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 33 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 34 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 36 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 4 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 6 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 8 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURE 9 REPAIR/REPLACEMENT |
| P20100735 | SOV - STRUCTURES 5 & 7 REPAIR/REPLACEMENT |
| P20100961 | EXCO PIT SITE 17A & MARSH BUGGY ACCESS FROM CANAL |
| P20101132 | PROPWASH |
| P20101132 | WELL LOCATION: SOUTH PECAN LAKE DEEP PROSPECT |
| P20101267 | PLUG & ABN LEAKY WELL: SN 168327 |
| P20101304 | CLOSURE: EXCO PIT SITE 2 |
| P20111130 | BORROW AREA |
| P20111130 | BORROW AREA FOR LEVEE RESTORATION |
| P20111130 | LEVEE RESTORATION |
| P20111130 | STRUCTURE 22 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE 23 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 12: FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 13 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 14 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 15 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 16 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 17 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 18 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 19 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 20 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 24 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 25 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 26 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 27 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 28 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 29 W/ FLAP GATE & RIP-RAP |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No | Description |
|--------|-------------|
| P20111130 | STRUCTURE NO 30 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 32: FLAP GATE W/ RIP-RAP |
| P20111130 | STRUCTURE NO 33: FLAP GATE W/ RIP-RAP |
| P20111130 | STRUCTURE NO 34 W/ FLAP GATES & RIP-RAP |
| P20111130 | STRUCTURE NO 36 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 4 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 5 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 6 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 7 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 8 W/ FLAP GATE & RIP-RAP |
| P20111130 | STRUCTURE NO 9 W/ FLAP GATE & RIP-RAP |
| P20120132 | 10' X 20' WELL PROTECTOR PLATFORM |
| P20120132 | DAVIS PETROLEUM CORP. - FLOWLINE // 4" // LAID ON PIPE RACK // ACTIVE // Begin: MIAMI CORP NO 56 WELL // End: EXISTING HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P20120132 | DAVIS PETROLEUM CORP. - FLOWLINE // 4" // LAID ON PIPERACKS // PROPOSED // Begin: EXISTING HEATER PLATFORM // End: PROPOSED SEPARATOR PLATFORM // Status: Authorization Granted - Special Conditions |
| P20120132 | DAVIS PETROLEUM CORP. - FLOWLINE // 4" // LAID ON PIPERACKS // PROPOSED // Begin: MIAMI CORPORATION NO 56 // End: EXISTING HEATER PLATFORM // Status: Authorization Granted - Special Conditions |
| P20120132 | DAVIS PETROLEUM CORP. - PIPELINE // 4" // LAID ON PIPE RACK // ACTIVE // Begin: EXISTING HEATER PLATFORM // End: EXISTING SEPARATOR PLATFORM // Status: Authorization Granted - Special Conditions |
| P20120132 | SEPARATOR PLATFORM |
| P20120646 | DAVIS PETROLEUM CORP. - OIL PIPELINE // 6" // LAID ON GROUND FROM PT 1-4; BORED FROM PT 4-9 // ACTIVE // Begin: EXISTING DRYER PLATFORM // End: RISER TIE-IN TO TARGA 24" PIPELINE // Status: Authorization Granted - Special Conditions |
| P20120646 | DAVIS PETROLEUM CORP. - OIL PIPELINE // 8" // 18" MIN BLW ML // PROPOSED // Begin: PREVIOUSLY PERMITTED SEPARATOR PLATFORM // End: TIE-IN TO TARGA PIPELINE // Status: Authorization Granted - Special Conditions |
| P20120646 | DEHYDRATION UNIT PLATFORM |
| P20130026 | SHORELINE SOUTHEAST, LLC - FLOWLINE // 1" // BORED 15' BLW ML & LAID ON EXISTING PIPE RACKS // PROPOSED // Begin: MIAMI CORP T WELL NO 1 // End: TIE-IN @ PRODUCTION FACILITY // Status: Authorization Granted - Special Conditions |
| P20130665 | PROPWASH SLIP |
| P20130665 | WELL LOCATION: MIAMI CORP NO 1 |
| P20131320 | LINE HEATER STEEL GRATING PLATFORM: 12' X 26' |
| P20131320 | SHORELINE SOUTHEAST LLC - FLOWLINE // 3" // LAID ON WALKWAY & 3' MIN BLW ML THEN BORED // PROPOSED // Begin: MIAMI CORP WELL NO 57 // End: MIAMI CORP WELL NO 49 // Status: Authorization Granted - Special Conditions |

*Pecan Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---|---|
| P20140077 | WATER CONTROL STRUCTURE NO 28 RESTORATION |
| P20140077 | WATER CONTROL STRUCTURE NO 29 RESTORATION |
| P20140077 | WATER CONTROL STRUCTURE NO 30 RESTORATION |

*Pecan Lake*

### EXHIBIT E

### Map of Oil & Gas Wells within the Operational Area

Orange triangles indicate the surface locations of Oil & Gas Wells.  *Source: LDNR*

# 2014 Aerial



*Pecan Lake*

## EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### AMOCO PRODUCTION COMPANY

| | | |
|---|---|---|
| 42868 | 126961 | 191392 |
| 48467 | 130384 | 205593 |
| 51832 | 133093 | 206283 |
| 51971 | 135324 | 206284 |
| 53079 | 137211 | 206838 |
| 53080 | 143264 | 207171 |
| 57812 | 159264 | 207510 |
| 59447 | 159879 | 207646 |
| 75080 | 161239 | 207647 |
| 88125 | 161366 | 207674 |
| 94281 | 165497 | 207675 |
| 97239 | 166439 | 207723 |
| 99545 | 167286 | 970417 |
| 123975 | 168038 | |
| 125235 | 168389 | |

### APACHE CORPORATION

179895

### CENTRAL RESOURCES, INC.

| | | |
|---|---|---|
| 159264 | 206838 | 214587 |
| 159879 | 207171 | 215074 |
| 161239 | 207510 | 215465 |
| 161366 | 207646 | 215984 |
| 165497 | 207647 | 216481 |
| 166439 | 207674 | 216697 |
| 168038 | 207675 | 217331 |
| 168389 | 207723 | 217698 |
| 191392 | 212108 | 218239 |
| 206283 | 214485 | 218441 |
| 206284 | 214486 | |

### CHEVRON OIL COMPANY

189174

F-1

*Pecan Lake*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### CHEVRON U.S.A. INC.

| | | |
|---|---|---|
| 52741 | 189174 | |

### CONOCO INC.

190587

### DAVIS OIL COMPANY

| | | |
|---|---|---|
| 171368 | 175790 | 179895 |

### DAVIS PETROLEUM CORP.

| | | |
|---|---|---|
| 159264 | 206283 | 215074 |
| 159879 | 206284 | 215465 |
| 161239 | 206838 | 217331 |
| 161366 | 207646 | 217698 |
| 165497 | 207647 | 218441 |
| 168038 | 207674 | 244400 |
| 168389 | 207675 | |
| 191392 | 207723 | |

### EST OF WM G HELIS (A PARTNERSHIP)

| | | |
|---|---|---|
| 170003 | 180811 | 970742 |

### EXCHANGE OIL & GAS CORPORATION

| | | |
|---|---|---|
| 120307 | 130976 | 970413 |
| 122214 | 132238 | |
| 122684 | 143175 | |

### EXCO RESOURCES, INC.

| | | |
|---|---|---|
| 159264 | 191392 | 207674 |
| 159879 | 206283 | 207675 |
| 161239 | 206284 | 207723 |
| 161366 | 206838 | 212108 |
| 165497 | 207171 | 214485 |
| 166439 | 207510 | 214486 |
| 168038 | 207646 | 214587 |
| 168389 | 207647 | 215074 |

F-2

*Pecan Lake*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 215465 | 216697 | 218239 |
| 215984 | 217331 | 218441 |
| 216481 | 217698 | |

**FMP OPERATING COMPANY, LTD PTN**

| | | |
|---|---|---|
| 159265 | 185494 | 186062 |

**FREEPORT OIL COMPANY**

| |
|---|
| 176914 |

**FREEPORT SULPHUR CO.**

| |
|---|
| 176914 |

**GAS TRANSPORTATION CORPORATION**

| | |
|---|---|
| 123975 | 125235 |

**GOLDKING PRODUCTION CO.**

| | | |
|---|---|---|
| 158240 | 161468 | 175489 |

**GRAHAM ROYALTY, LTD.**

| | | |
|---|---|---|
| 156978 | 159265 | 185494 |
| 157608 | 160257 | 186062 |

**GULF REFG CO**

| |
|---|
| 52741 |

**H. L. HUNT**

| |
|---|
| 197825 |

**HILCORP ENERGY COMPANY**

| | | |
|---|---|---|
| 188922 | 216211 | 216433 |

**HUNT PETROLEUM (AEC), INC.**

| | |
|---|---|
| 227319 | 227895 |

**LA. LAND & EXPL. CO.**

| |
|---|
| 211076 |

F-3

*Pecan Lake*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**LINDER OIL CO. A PARTNERSHIP**

| | | |
|---|---|---|
| 198325 | 209074 | 212305 |

**LLOG EXPL. CO.**

| | | |
|---|---|---|
| 120307 | 123667 | 210001 |
| 122214 | 130976 | 219496 |
| 122684 | 132238 | 970413 |
| 123123 | 143175 | |
| 123604 | 187300 | |

**LYONS PETROLEUM, INC.**

| | |
|---|---|
| 151884 | 170645 |

**MARSH ENGINEERING, INC.**

| | |
|---|---|
| 170003 | 970742 |

**MOBIL E&P NORTH AMERICA INC.**

| | | |
|---|---|---|
| 25277 | 44815 | 129654 |
| 25953 | 44993 | 131806 |
| 35737 | 45270 | 132737 |
| 41313 | 86173 | 133212 |
| 42096 | 99290 | 182672 |
| 42637 | 99717 | 187300 |
| 43191 | 123123 | 188922 |
| 43494 | 123604 | |
| 44532 | 123667 | |

**MOBIL OIL E & P SOUTHEAST INC**

| | | |
|---|---|---|
| 129654 | 182672 | 188922 |

**MW PETROLEUM CORPORATION**

| | | |
|---|---|---|
| 159264 | 165497 | 191392 |
| 159879 | 166439 | 206283 |
| 161239 | 168038 | 206284 |
| 161366 | 168389 | 206838 |

F-4

*Pecan Lake*

## EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

| | | |
|---|---|---|
| 207171 | 212108 | 215984 |
| 207510 | 214485 | 216481 |
| 207646 | 214486 | 216697 |
| 207647 | 214587 | 217331 |
| 207674 | 215074 | 217698 |
| 207675 | 215465 | 218239 |
| 207723 | 215877 | 218441 |

**RICHARDSON & BASS (LA ACCT) ETAL**

200403

**SHORELINE SOUTHEAST LLC**

| | | |
|---|---|---|
| 159264 | 206283 | 215074 |
| 159879 | 206284 | 215465 |
| 161239 | 206838 | 217331 |
| 161366 | 207646 | 217698 |
| 165497 | 207647 | 218441 |
| 168038 | 207674 | 246998 |
| 168389 | 207675 | 247271 |
| 191392 | 207723 | |

**STONE OIL CORP & MCMORAN EXPL**

| | |
|---|---|
| 156978 | 159265 |
| 157608 | 160257 |

**TEXACO E & P INC.**

197825

**TEXACO, INC.**

197825

**THE CALIFORNIA COMPANY**

| | |
|---|---|
| 35737 | 189174 |

**THE STONE OIL CORPORATION**

| | | |
|---|---|---|
| 156978 | 185494 | 186062 |

F-5

*Pecan Lake*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**THE SUPERIOR OIL COMPANY**

| | | |
|---|---|---|
| 25277 | 45270 | 123667 |
| 25953 | 86173 | 129654 |
| 41313 | 99290 | 131806 |
| 42096 | 99717 | 131931 |
| 42637 | 121133 | 132737 |
| 43191 | 122854 | 133212 |
| 43494 | 123123 | 182672 |
| 44532 | 123208 | 187300 |
| 44815 | 123565 | 188922 |
| 44993 | 123604 | |

**THE TEXAS COMPANY**

197825

**TRANSCO EXPLORATION COMPANY**

201327

**TXP OPERATING COMPANY**

| | | |
|---|---|---|
| 120307 | 130976 | 970413 |
| 122214 | 132238 | |
| 122684 | 143175 | |

**UNION PACIFIC RESOURCES CO.**

222815

**WHITE OAK OPERATING CO, LLC**

209074
973221

F-6

*Pecan Lake*

# EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### WHITING PETROLEUM CORPORATION

199087

### XPLOR ENERGY OPERATING COMPANY

217907

### XTO ENERGY INC.

227319
227895

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

Debbie Savoie
DEPUTY CLERK OF COURT
CAMERON PARISH

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19572

THE PARISH OF CAMERON

VS

BEPCO, L.P., ET AL.

DATE FILED: _____        DEPUTY CLERK:_____

## PETITION FOR INTERVENTION

NOW INTO COURT, through undersigned counsel, comes THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, who respectfully intervenes in this action to protect and enforce the rights of the citizens of the State of Louisiana to a sustainable coastal zone:

1.

The Parish of Cameron (hereinafter "the Parish") has alleged violations of the Louisiana Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, "the LCR") in Cameron Parish as a result of activities by the defendants. The Parish has filed this action to seek restoration of property and damages.

2.

Counsel for the Parish filed the original Petition "on its own behalf and in the name of the State of Louisiana" notwithstanding the fact that there is no contract between counsel and any State agency or State official authorized to represent the State of Louisiana. This purported co-representation was done under the Parish's interpretation of La. R.S. 49:214.36, which it believed authorized such a filing.

3.

On December 1, 2014, following removal of a nearly identical suit from Plaquemines Parish to federal court, Judge Jay C. Zainey agreed with Plaquemines Parish's interpretation that

the State of Louisiana was a real party in interest and that the Parish was authorized to sue in matters such as this under La. R.S. 49:214.36(D) *on behalf of* the State of Louisiana.[1]

## 4.

The Attorney General of the State of Louisiana files this Petition for Intervention as authorized by La. R.S. 49:214.36(D) and in accordance with his authority under Art. IV, Section 8, of the Louisiana Constitution to intervene in any lawsuit and supersede the attorneys in representing the interests of the State of Louisiana, more specifically, "as necessary for the assertion or protection of any right or interest of the state, the attorney general **shall have the authority** (1) to institute, prosecute, or intervene in any civil action or proceeding.

## 5.

The Attorney General, as the Chief Legal Officer of the State, has an overriding obligation to protect the interests of the State as a whole. This matter raises issues that have policy and legal implications that are far reaching and necessitate representation by the State's Chief Legal Officer.

## 6.

By filing this Petition, the State of Louisiana is not adopting the Parish's reasoning, nor Judge Zainey's dicta in the Plaquemines Parish suit regarding co-representation. However, to ensure that no State claims are encumbered absent the presence of the State's Chief Legal Officer, the Attorney General hereby seeks intervention.

## 7.

In addition to protecting the litigious rights provided by La. R.S.49:214.36(D), the State intervenes to enforce the contents of the LCR and to ensure that any and all unpermitted and unmitigated damage to the coastal zone is remediated and restored in accordance with the Constitution of the State of Louisiana and applicable laws and regulations administered by the Louisiana Department of Natural Resources, the Coastal Protection and Restoration Authority, the Attorney General, and any other agencies and political subdivisions of the State.

## 8.

In the alternative, the State intervenes under the authority of the Public Trust Doctrine, Louisiana Constitution Article IX, Section 1, which provides, in pertinent part,

---

[1] Judge Zainey's adoption of the Parish's reasoning on the purported representation of the State of Louisiana was dicta as the analysis followed his proclamation that "[t]he Court's ruling on the egregious misjoinder issue renders moot the question whether the claims on behalf of the State destroy diversity jurisdiction. For completeness, the Court nonetheless will address this potential impediment to diversity jurisdiction." *Plaquemines v. Total Petrochemical & Refining USA, INC. et al.*, 64 F.Supp.3d. 872, 887 (E.D.La. 2014).

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

### 9.

Further, the Attorney General intervenes pursuant to Article 1091 of the Louisiana Code of Civil Procedure in that the Attorney General, as the State's chief legal officer, has the authority and responsibility to bring a *parens patriae* action to protect and preserve the State's natural resources and the environment.

### 10.

An intervention is defined by La. C.C.P. Art. 1031 as an incidental demand and, because no answer has been filed in this case, La. C.C.P. Art. 1033 provides that the State may intervene without leave of court.

### 11.

Pursuant to the aforementioned authority, the State of Louisiana, *ex rel.* Attorney General Jeff Landry, asserts its jurisdiction over all claims originally asserted by the Parish of Cameron and hereby supersedes said claims as though made by the State through the Attorney General in the first instance.

### 12.

The State's claims track closely to those claims asserted by the Parish under La. R.S. 49:214.36 for dredging activities contributing to the degradation of property in the coastal zone. However, the State makes no claims related to waste pits, the release of contaminants, pollutants, waste leachate, and toxic substances as put forth by the Parish.

### 13.

The State's claims are limited to the Defendants' oil and gas activities that resulted in the dredging of numerous canals in Cameron Parish as originally detailed in Paragraphs 25-33 of the Parish's Petition.

### 14.

In sum, the State of Louisiana, through the Attorney General, seeks to intervene in this suit to protect the State's independent litigious rights under La. R.S. 49:214.36, which may be interpreted as being encumbered by the Parish's current posture in this case and by previous rulings of the United States District Court for the Eastern District of Louisiana. For that reason,

the State, through the Attorney General, herein and hereby asserts as its own the Parish's claims in this matter under La. R.S. 49:214.36.

### 15.

The State of Louisiana asserts the right to recover all civil penalties, damages, payments of restorations costs, actual restoration of the disturbed areas, and other reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit.

### 16.

The State of Louisiana further asserts the right to recover costs and attorney fees from any party found to be responsible.

### 17.

The State of Louisiana also reserves the right to seek injunctive relief, specific performance, and any other applicable remedies or equitable or relief permitted by law.

WHEREFORE, THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, prays:

(1)     that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit in accordance with La. R.S. 49:214.21, *et seq.;*

(2)     that, alternatively, judgment be rendered in favor of Intervenor on behalf of the State in its capacity as public trustee or as *parens patriae*, and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit;

(3)     that judgment be rendered in favor of the Attorney General, the Chief Legal Office of the State, to supersede the Parish's attorneys.

(4)     that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit, for damages, reasonable costs and attorney fees incurred by or on behalf of the State in responding to such activities and enforcing the State's rights;

(5)     that Defendants be ordered to restore the Cameron Parish Coastal Zone to its original condition or make payments for such restoration costs.;

(6)     such other and further relief available, subject to any limitations set forth in the petition.

(7)     The State of Louisiana requests trial by jury.

Intervenor further prays for all costs of these proceedings, for all necessary orders and decrees as may be required or proper in the premises and for full, general, and equitable relief.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:      (225) 326-6085
Facsimile:          (225) 326-6099
*Attorneys for the State of Louisiana*

**SHERIFF: PLEASE WITHHOLD SERVICE**

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19572

THE PARISH OF CAMERON

VS

BEPCO, L.P., ET AL.

RECEIVED & FILED
2016 MAR 14 PM 4 05
CLERK OF COURT
CAMERON PARISH, LA.

_____
FILED

_____
DEPUTY CLERK

## ORDER

Considering the above and foregoing Petition for Intervention filed by THE STATE OF LOUISIANA, EX REL. JEFF LANDRY, ATTORNEY GENERAL;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the State of Louisiana's Petition for Intervention is hereby granted for the Attorney General to supersede the Plaintiff's claims in this matter on behalf of the State of Louisiana in this case.

Cameron, Louisiana, this 17th day of March, 2016.

_____
HONORABLE PENELOPE RICHARD
JUDGE, 38th JUDICIAL DISTRICT COURT

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19572

THE PARISH OF CAMERON

VS

BEPCO, L.P., ET AL.

RECEIVED & FILED
CLERK OF COURT
CAMERON PARISH, LA.
2016 MAR 14  PM 4:05

FILED: _____   _____

DEPUTY CLERK

---

## REQUEST FOR NOTICE

---

THE STATE OF LOUISIANA, *ex rel.* JEFF LANDRY., ATTORNEY GENERAL,
respectfully requests written notice of the trial date, hearings (whether on the merits or
otherwise), orders, judgments, and interlocutory decrees, and any and all other matters as
provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:        (225) 326-6085
Facsimile:        (225) 326-6099
*Attorneys for the State of Louisiana*

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH LOUISIANA

38TH JUDICIAL DISTRICT COURT

RECEIVED & FILED

2016 MAR 28 PM 2 22

PARISH OF CAMERON

STATE OF LOUISIANA

CLERK OF COURT
CAMERON PARISH, LA.

NO.  10-19572

THE PARISH OF CAMERON

VS

BEPCO, L.P., et al.

DATE FILED: _____          DEPUTY CLERK:_____

## RULE TO SHOW CAUSE

MAY IT PLEASE THE COURT:

CONSIDERING the Petition for Intervention and the Attorney General's request to supersede the Parish's Attorneys filed on March 14, 2016, by the State of Louisiana, *ex rel.* Jeff Landry, Attorney General,

IT IS HEREBY ORDERED that pursuant to La. Const. Art. IV § 8, the Attorney General's request to supersede the Parish's Attorneys be and hereby is set for hearing on the 25th day of April 2016, at 10 : 00 o'clock a.m.

Cameron, Louisiana, this 1st day of April 2016.

_Penelope Richard_
Judge Penelope Q. Richard
38th Judicial District Court

4-4_____20 16

I hereby certify that a copy of the foregoing
notice was this day mailed by me to the counsel
of record for all parties and to each of the
litigants, is any, who are not represented by
counsel, which notices were addressed to them
respectively, at their last known address,
with postage prepaid,

_____
Dy Clerk of Court

Steven Jones
Chad Mudd
John Carmouche

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:_____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

**PLEASE HOLD SERVICE**

A TRUE COPY OF ORIGINAL

CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

RECEIVED & FILED

38TH **JUDICIAL DISTRICT COURT**

2016 MAR 31  PM 3 28

**PARISH OF CAMERON**

**STATE OF LOUISIANA**         CLERK OF COURT
                                CAMERON ~~~~~~ LA.

NO.   10-19572

**THE PARISH OF CAMERON**

**VS**

**BEPCO, L.P., et al.**

DATE FILED: _____          DEPUTY CLERK: _____

---

**ORDER**

---

**MAY IT PLEASE THE COURT:**

CONSIDERING the request by the State of Louisiana and subsequent filing of a Rule to

Show Cause regarding the Attorney General's request to supersede the Parish's Attorney's

pursuant to La. Const. Art. IV, §8,

IT IS HEREBY ORDERED that the Court's Ex Parte Order granting the Attorney

General's request to supersede is HEREBY VACATED.

Cameron, Louisiana, this 1st day of April 2016.

_Penelope Richard_

Judge Penelope Q. Richard
38th Judicial District Court

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: _____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General

_____4-4_____,20 14
I hereby certify that a copy of the foregoing
notice was this day mailed by me to the counsel
of record for all parties and to such other
litigants, is any, who are not represented by
counsel, which notices were addressed to them
respectively, at their last known address,
with postage prepaid,

_____
Dy Clerk of Court

Steven Jones
Chad Mudd
John Carmouche

A TRUE COPY OF ORIGINAL
CAMERON, LOUISIANA

DEPUTY CLERK OF COURT
CAMERON PARISH, LOUISIANA

THE PARISH OF CAMERON

VERSUS

BEPCO, L.P., ANADARKO E&P
ONSHORE, LLC, APACHE
CORPORATION (OF DELAWARE),
APACHE OIL CORPORATION, BP
AMERICA PRODUCTION COMPANY,
CENTRAL RESOURCES, INC.,
CHEVRON PIPE LINE COMPANY,
CHEVRON U.S.A. HOLDINGS, INC.,
CHEVRON U.S.A., INC.,
CONOCOPHILLIPS COMPANY, DAVIS
OIL COMPANY, DAVIS PETROLEUM
CORPORATION, DENOVO OIL & GAS,
INC., ESTATE OF WILLIAM G. HELIS,
EXCHANGE OIL & GAS
CORPORATION, EXCO RESOURCES,
INC., EXXON MOBIL CORPORATION,
FREEPORT SULPHUR COMPANY,
FREEPORT-MCMORAN OIL & GAS
L.L.C., GAS TRANSPORTATION
CORPORATION, GRAHAM ROYALTY,
LTD., HILCORP ENERGY COMPANY,
LINDER OIL COMPANY, A
PARTNERSHIP, LLOG EXPLORATION
& PRODUCTION COMPANY, L.L.C.,
LYONS PETROLEUM, INC., MARSH
ENGINEERING, INC., MOBIL OIL
EXPLORATION & PRODUCING
SOUTHEAST INC., MOSAIC GLOBAL
HOLDINGS, INC., SHORELINE
SOUTHEAST LLC, THE LOUISIANA
LAND AND EXPLORATION COMPANY,
LLC, THE TEXAS COMPANY,
TRANSCO EXPLORATION COMPANY,
WHITE OAK OPERATING COMPANY,
LLC, WHITING PETROLEUM
CORPORATION, XPLOR ENERGY
OPERATING COMPANY AND XTO
ENERGY INC.

NUMBER: 10-19572

RECEIVED & FILED

2016 APR 13   AM 10 38

CLERK OF COURT
CAMERON PARISH, LA.

38TH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

---

**PETITON IN INTERVENTION OF THE STATE OF LOUISIANA,
THROUGH THE DEPARTMENT OF NATURAL RESOURCES,
OFFICE OF COASTAL MANAGEMENT**

---

NOW INTO COURT, through undersigned counsel, come the **State of Louisiana,**
through the **Louisiana Department of Natural Resources, Office of Coastal Management** and
its **Secretary, Thomas F. Harris,** who respectfully represent as follows and request the Court
allow this intervention:

1.

Louisiana Code of Civil Procedure article 1091 provides:

A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) United with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.

### 2.

A two-fold inquiry has developed in Louisiana's jurisprudence regarding the requirements for intervention: first, the intervenor must have a justiciable interest in, and a connection to, the principle action. *Palace Props., L.L.C. v. City of Hammond*, (La.App. 1 Cir. 6/27/2003), 859 So.2d 15, 20, *citing Niemann v. American Gulf Shipping, Inc.*, 96-687, p. 6 (La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, *writ denied* 97-0404, (La. 3/27/97). 692 So.2d 397. The First Circuit, in *Amoco Production Company v. Columbia Gas Transmission Corporation*, 455 So.2d 1260, 1264 (La.App. 1 Cir. 8/31/1984), defined "justiciable right" in the context of an intervention as "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both...." As to the second inquiry, the court further held that the justiciable right must be "so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Id.* As set forth in more detail below, Louisiana law provides the State of Louisiana, through the Louisiana Department of Natural Resources ("DNR"), Office of Coastal Management ("OCM") with concurrent authority to enforce the provisions of law at issue in the current matter, thereby satisfying the justiciable interest prong. Moreover, that interest is directly connected to the principal action because any judgment issued in that action is subject to the requirements of La. R.S. 49:214.36(O), which requires monies received by a parish be used for integrated coastal protection. Consequently, DNR/OCM has a right to intervene in this proceeding in order to protect the rights of the State pursuant to their respective areas of statutory authority.

### 3.

Interventions must also be timely, in accordance with La. Code of Civ. Proc. art. 1031 and 1033. As an incidental demand under La. C.C.P. art. 1031, a petition for intervention can be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. It may be filed after an answer, with leave of court, if it will not retard the progress of the principal action. La. C.C.P. art. 1033. The First Circuit Court of Appeal has held that, "[a]n intervention may be filed only while suit is pending and before judgment on the main

demand." *Van Lieu v. Winn-Dixie of Louisiana, Inc.*, 446 So.2d 1362, 1366 (La.App. 1 Cir. 1984). Courts have great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand. *See Madere v. Lennix*, 535 So.2d 1290 (La.App. 5 Cir. 1988), *citing Volume Shoe Corp. v. Armato*, 341 So.2d 611 (La.App. 2 Cir. 1977).

## BACKGROUND

### 4.

On November 8, 2013, Cameron Parish and the State of Louisiana, *ex rel.* Parish of Cameron filed a Petition for Damages to the Cameron Parish Coastal Zone (the "Petition") against several oil and gas exploration, production, and transportation operations seeking damages for destruction to coastal land and waterbodies allegedly caused by the Defendants activities. The Plaintiffs specifically seek damages as provided in the State and Local Coastal Resources Management Act of 1978, La. R.S. 49:214.21, *et seq.* ("SLCRMA"), the payment of restoration costs, and actual restoration of the Cameron Parish Coastal Zone.

### 5.

On December 18, 2013, the Defendants removed the state court action to the federal district court for the Eastern District of Louisiana alleging original jurisdiction based on diversity jurisdiction, Outer Continental Shelf Lands Act, general maritime law, and federal question jurisdiction. The Parish quickly moved to remand the matter back to state court, and on December 1, 2014, the court granted the Parish's motion remanding the matter to state court. No answers have to date been filed in this action.

### 6.

On March 14, 2016, Attorney General Jeff Landry intervened in this matter, along with all other similar suits seeking recovery under La. R.S. 49:214.21, *et seq*. This intervention by the State of Louisiana through DNR/OCM, in concert with the intervention filed by the Attorney General, ensures that that the State of Louisiana's interests will be fully protected in this matter, and that any funds resulting from this litigation will be properly spent on restoring Louisiana's coast.

## LEGAL FRAMEWORK

### 7.

The Louisiana Department of Natural Resources ("DNR") is an executive branch agency of the state and is responsible for the conservation, management, and development of water, minerals, and other such natural resources of the state, including coastal management. La. R.S. 36:351(A). The Office of Coastal Management is created within DNR and is charged with performing the functions of the state relative to the coastal zone management program. La. R.S. 36:358; *see also* La. R.S. 49:214.26 (establishing a coastal zone program within DNR and authorizing the Secretary of DNR or his designee to administer the program).

### 8.

Louisiana Constitution Article IX, Section 1 provides, in pertinent part:

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

### 9.

The Louisiana Legislature, in 1978, enacted the State and Local Coastal Resources Management Act ("SLCRMA") (Act 361 of 1978, codified at La. R.S. 49:214.21, *et seq.*) (*i.e.* the Louisiana Coastal Zone Management Program), in order to balance conservation and development within Louisiana's coastal zone. SLCRMA is one of the public trust laws enacted by the legislature pursuant to La. Const. art. IX, sec. 1.

### 10.

In August 1980, Louisiana's coastal management program, the Louisiana Coastal Resources Program ("LCRP"), was approved by the National Oceanic and Atmospheric Administration ("NOAA"), U.S. Department of Commerce, under section 306 of the Coastal Zone Management Act (16 U.S.C. § 1455(d)).

### 11.

Pursuant to the SLCRMA, in 1980, DNR adopted, and the legislature and the governor approved, the Louisiana Coastal Use Guidelines. *See* LAC 43:I.701-719. The enforceable policies of the LCRP, as approved by NOAA, include, but are not limited to, the 94 Coastal Use Guidelines adopted by the State, as well as Article IX, Section 1 of the Louisiana Constitution.

12.

In enacting SLCRMA, the legislature declared that it was the public policy of the State:

(1)     To protect, develop, and, where feasible, restore or enhance the resources
        of the state's coastal zone.

                                        ***

(5)     To develop and implement a coastal resources management program
        which is based on consideration of our resources, the environment, the
        needs of the people of the state, the nation, and of state and local
        government.

(6)     To enhance opportunities for the use and enjoyment of the recreational
        values of the coastal zone.

(7)     To develop and implement a reasonable and equitable coastal resources
        management program with sufficient expertise, technical proficiency, and
        legal authority to enable Louisiana to determine the future course of
        development and conservation of the coastal zone and to ensure that state
        and local governments have the primary authority for managing coastal
        resources.

(8)     To support sustainable development in the coastal zone that accounts for
        potential impacts from hurricanes and other natural disasters and avoids
        environmental degradation resulting from damage to infrastructure caused
        by natural disasters.

La. R.S. 49:214.22.

13.

Under the SLCRMA, there are two types of coastal uses: uses of State concern and uses

of local concern. Uses of State concern are those uses that directly and significantly affect coastal

waters and which are in need of coastal management and which have impacts of greater than

local significance or which significantly affect interest of regional, state, or national concern. La.

R.S. 49:214.25. Prior to commencing a use of the coastal zone, an applicant must first apply for

and receive a coastal use permit ("CUP"). La. R.S. 49:214.30. The secretary of DNR

("Secretary") is designated to make decisions on coastal use permit applications for uses of State

concern, whereas the local government makes decisions as to uses of local concern in areas

where an approved local program is in effect. Prior to issuing a CUP, the Secretary must ensure

that the activity for which the application is being made is consistent with the State's

Comprehensive Master Plan for Integrated Coastal Protection ("Master Plan") and with the

Coastal Use Guidelines. *Id. See also* LAC: 43.I.701, *et seq.*

14.

DNR/OCM is given specific, non-exclusive authority to enforce SLCRMA and the LCRP. La. R.S. 49:214.36(D) provides that the Secretary "may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a CUP has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." According to La. R.S. 49:214.36(E), "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of restoration costs; require, where feasible and practical, actual restoration of the areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone…[t]he court may also award costs and attorney's fees to the prevailing party."

15.

Act No. 544 of the 2014 Regular Session of the Louisiana Legislature ("Act 544") added subsection (O) to La. R.S. 49:214.36 to provide that the only state or local governmental entity rights or causes of action arising from any activity subject to the permitting of SLCRMA are those outlined in that law. Act 544 further provided that "[a]ny monies received by any state or local governmental entity arising from or related to a state or federal permit issued pursuant to R.S. 49:214.21, *et seq.* … a violation thereof, or enforcement thereof, or for damages or other relief arising from or related to…**shall be used for integrated coastal protection, including coastal restoration, hurricane protection, and improving the resiliency of the coastal area.**" Act 544 applies to all claims existing or pending on the effective date of the Act, which was June 6, 2014.

16.

"Integrated coastal protection" is not defined in SLCRMA; however, it is defined in La. R.S. 49:214.2, as follows:

> "Integrated coastal protection" means plans, projects, policies, and programs intended to provide hurricane protection or coastal conservation or restoration, and shall include but not be limited to coastal restoration; coastal protection; infrastructure; storm damage reduction; flood control; water resources development; erosion control measures; marsh management; diversions; saltwater intrusion prevention; wetlands and central wetlands conservation, enhancement, and restoration; barrier island and shoreline stabilization and preservation; coastal passes stabilization and restoration; mitigation; storm surge reduction; or beneficial use projects.

17.

Many of the activities asserted by Cameron Parish in its Petition to have caused the damages alleged are included within the list of activities for which a coastal use permit must be issued, including, but not limited to: (1) dredge and fill activity which intersects with more than one water body; (2) all mineral activities, including exploration for and production of, oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses; and, (3) all pipelines for the gathering, transportation or transmission of oil, gas, and other materials. *See* La. R.S. 49:214.25(A); *see also* Plaintiff's Petition, ¶ 19 – 25.

18.

The Parish has specifically included a list of the coastal use permits known to have been issued within the area of the complained-of activity that forms the basis of the lawsuit. *See* Plaintiff's Petition, ¶ 7 and Exhibit D.

19.

Cameron Parish has prayed for damages, restoration costs, and actual restoration in areas of the coastal zone subject to SLCRMA. As such, DNR's authority to enforce SLCRMA and seek the payment of restoration costs or require actual restoration of areas disturbed overlaps with the relief requested by Parish. More importantly, Act 544 requires that any monies received by a local governmental entity arising from or related to a coastal use permit, the enforcement of SLCRMA, or related to any use of the coastal zone subject to SLCRMA be used for integrated coastal protection. Thus, intervention is necessary to ensure that the State of Louisiana's interests, through the statutory authority of DNR/OCM, are fully protected and that in the event that the Parish is awarded any damages or other relief, restoration is achieved in a manner consistent with state law, including but not limited to Part II of Title 49 of the Louisiana Revised Statutes – Louisiana Coastal Protection, Conservation, Restoration, and Management.

20.

The legislature gave both DNR and local governmental entities with approved local coastal management programs the authority to enforce SLCRMA with respect to coastal use permits issued by those entities, as well as for uses for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of such permit. La. R.S. 49:214.36.

21.

Likewise, the legislature also provided for the mission of the state as it relates to integrated coastal protection, stating:

> The state must act to develop, implement, and enforce a comprehensive integrated coastal protection plan. The state must act to ensure that the plan incorporates a systems approach to integrate hurricane protection and coastal restoration efforts in order to achieve long-term and comprehensive integrated coastal protection. Comprehensive integrated coastal protection must proceed in a manner that recognizes that the proper functioning of each protective element is critical to the overall success of the plan and that without such proper functioning the safety of the state and its citizens and the viability of the entire plan are threatened. Further, comprehensive integrated coastal protection must proceed in a manner that recognizes the powers and duties of political subdivisions, including flood protection authorities, and levee districts, to fund and manage local activities that are consistent with the goals of a comprehensive integrated coastal protection plan. The state must act to conserve, restore, create, and enhance wetlands and barrier shorelines or reefs in coastal Louisiana while encouraging use of coastal resources and recognizing that it is in the public interest of the people of Louisiana to establish a responsible balance between development and conservation. Management of renewable coastal resources must proceed in a manner that is consistent with and complementary to the efforts to establish a proper balance between development and conservation.

La. R.S. 49:214.1(C).

22.

This statutory scheme makes clear that, while the parishes have certain missions, powers, and duties pursuant to SLCRMA, the state, through the designated executive branch agencies and offices, is also charged with conserving and restoring Louisiana's coast and developing and implementing policies, plans, and programs to achieve comprehensive integrated coastal protection *statewide*. Thus, state and local governmental entities are charged with acting in coordination and cooperation with each other in performing coastal restoration and hurricane protection. And while the state is tasked with the authority to "articulate a clear statement or priorities and to focus development and implementation of efforts to achieve comprehensive integrated coastal protection," La. R.S. 49:214.1(B), the independent authority of local governmental entities, including parishes, flood protection authorities, political subdivisions, and levee districts has also been maintained.

23.

Considering the constitutional and statutory structure set forth in Louisiana law, the executive branch agencies and offices responsible for the enforcement of the coastal zone management program and coastal protection and restoration have a real interest in ensuring the continued coordination of integrated coastal protection activities. The Louisiana Department of

Natural Resources, Office of Coastal Management files this intervention in order to assert and protect those interests.

24.

The defendants are required to comply with all applicable state laws and regulations, including but not limited to SLCRMA. The defendants are also charged with complying with all terms and conditions of their coastal use permits issued pursuant to SLCRMA. To the extent there was a failure by the defendants to obtain permits required by law or to comply with the terms and conditions of their coastal use permits, there has been a violation of SLCRMA, subjecting the defendants to enforcement pursuant to La. R.S. 49:214.36.

25.

Louisiana Revised Statute 49:214.36 authorizes the assessment of damages, the payment of restoration costs, and actual restoration upon a determination of liability under SLCRMA, and La. R.S. 49:214.36(O) requires that recoverable damages be spent on integrated coastal protection.

**PRAYER FOR RELIEF**

WHEREFORE, the State of Louisiana through the Louisiana Department of Natural Resources, Office of Coastal Management and the Secretary of DNR, Thomas F. Harris, moves to intervene in this matter and pray that it be permitted to proceed as a party to this action, that after all parties have been duly cited to appear and answer and have been served with a copy of this Intervention, there be judgment in favor of Intervenor:

(1) That any party or parties found to be liable for violations of SLCRMA be assessed damages, the payment of restoration costs, and actual restoration of the coastal area, in addition to any other appropriate relief authorized by the State Local Coastal Resources Management Act, La. R.S. 49:214.21, *et seq.*, in accordance with La. R.S. 49:214.36 and specifically section 214.36(O);

(2) Ordering that any judgment requiring actual restoration of lands within the coastal area be consistent with La. R.S. 49:214.21, *et seq.*, and specifically La. R.S. 49:214.36(O), as well as the Hurricane Protection, Flood Control and Coastal Restoration Act, which requires that restoration be used for, and be consistent with, comprehensive integrated coastal protection, including hurricane protection, coastal conservation, or coastal restoration; and

(3) Ordering the payment of costs, reasonable attorneys' fees, and for full, general, and equitable relief pursuant to Louisiana law.

By attorneys:

J. BLAKE CANFIELD (#30426)
Executive Counsel
Department of Natural Resources
Post Office Box 94396
Baton Rouge, Louisiana 70804
(225) 342-2710 / (225) 342-5861 (fax) blake.canfield@la.gov

MEGAN K. TERRELL (Bar #29443)
Office of Governor John Bel Edwards
Governor's Office for Coastal Activities
900 North 3rd Street, Fourth Floor
Baton Rouge, Louisiana 70802
(225) 342-7669 / (225) 342-7099 (fax) megan.terrell2@la.gov

A TRUE COPY OF ORIGINAL

CAMERON, LOUIS

*Debbie Savoie*

DEPUTY CLERK OF COURT
PARISH OF CAMERON, LOUISIANA