UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PARISH OF CAMERON, ET AL.** : **DOCKET NO. 2:16-cv-00536**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**BEPCO LP, ET AL.** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court are the Motion to Remand [docs. 20, 33] filed by the Parish of Cameron ("Cameron," "the Parish") and State of Louisiana *ex rel.* Jeff Landry, Attorney General and through the Louisiana Department of Natural Resources, Office of Coastal Management, and Louisiana Department of Natural Resources Secretary, Thomas F. Harris (collectively, "the State"), respectively, in response to the Notice of Removal [doc. 1] filed by defendants Exxon Mobil Corp., Mobil Oil Exploration & Producing Southeast Inc., Louisiana Land & Exploration Co. LLC, Chevron USA Holdings Inc., Conoco Phillips Co., The Texas Company, BP America Production Co., Chevron USA Inc., and Chevron Pipeline Co. Also before the court are Supplemental Motions to Remand [docs. 52, 54] filed by the Parish and the State, respectively, in response to the Supplemental Notices of Removal [docs. 39, 40] filed by defendants Apache Corp. and LLOG Exploration & Production Co. LLC. Defendants oppose all motions to remand in this matter.

This case is one of eleven related cases that was removed to this court.[1] The plaintiffs in each case have filed motions to remand. On January 17, 2018, this court issued a Report and

---

[1] *Parish of Cameron v. Auster Oil & Gas, Inc.*, Dkt. No. 2:16-cv-00530; *Parish of Cameron v. Alpine Expl. Co., Inc.*, Dkt. No. 2:16-cv-00531; *Parish of Cameron v. Atl. Richfield Co.*, Dkt. No. 2:16-cv-00532; *Parish of Cameron v. Brammer Eng'g, Inc.*, Dkt. No. 2:16-cv-00535; *Parish of Cameron v. Burlington Res. Oil & Gas Co., L.P.*, Dkt. No.

-1-

Recommendation in the related case *Parish of Cameron v. Auster Oil & Gas Co.* ("*Auster*") granting the motion for remand and denying the other pending motions as moot. No. 16-cv-00530 (W.D. La. 2018), doc. 89. On January 24, 2018, the parties in this case were noticed by electronic order of this court's decision in *Auster* and directed to file supplemental memoranda to notify the court of "any factual issues in this case that would cause the court to treat the [motions] pending herein differently than [those] in the related case" no later than February 6, 2018. Doc. 93. The parties were cautioned that "***[f]acts alleged in the Cameron v. Auster matter are not to be repeated.*** The court seeks only information that would cause a result that would be different in this case than the result reached in the related case." *Id.* (emphasis in original). On February 6, 2018, defendants filed three documents entitled Supplemental Briefing in Opposition to Remand [docs. 94, 95, 96] but those documents failed to provide any factual issues that distinguish this case from *Auster*.

Therefore, for the reasons stated in *Auster*, **IT IS RECOMMENDED** that the Motions to Remand [docs. 20, 33, 52, 54] in this matter be **GRANTED** and that the matter be remanded to the 38th Judicial District Court, Cameron Parish, Louisiana. **IT IS ALSO RECOMMENDED** that the Motion to Schedule Oral Argument [doc. 86] and the Motion for Leave to File Notice of Supplemental Authority [doc. 88] be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

---

2:16-cv-00537; *Parish of Cameron v. Apache Corp.*, Dkt. No. 2:16-cv-00538; *Parish of Cameron v. Ballard Expl. Co., Inc.*, Dkt. No. 2:16-cv-00539; *Parish of Cameron v. BP Am. Prod. Co.*, Dkt. No. 2:16-cv-00540; *Parish of Cameron v. Bay Coquille, Inc.*, Dkt. No. 2:16-cv-00541; *Parish of Cameron v. Anadarko E&P Onshore, LLC*, Dkt. No. 2:16-cv-00542.

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 22nd day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE